Samuels, J.
I am of opinion that it is not necessary for the decision of this case, to determine what manner of fraud practiced by a vendee in obtaining goods on credit, will justify the vendor in retaining the goods and annulling the sale thereof. Whether a purchase by an insolvent vendee without intention to pay will justify reclamation by the vendor, or whether the vendor must have industriously used artifice and stratagem in the purchase to warrant such reclamation, are questions which become immaterial in this case from the fact that the goods were subsequently sold by the vendee Graff to Wickham and Goshorn, purchasers for value without notice. If therefore, whether Graff had been guilty of no fraud in buying the goods, or had bought them, knowing his own insolvency, and without the purpose of paying for them, or had industriously used devices to deceive the sellers, still Wickham and Goshorn, subsequent purchasers for *431 value without notice, have a title better than that of Martin Lewis & Co. the original sellers. See Williams v. Given, 6 Gratt. 268.
I am further of opinion that the case of Pryor v. Kuhn, 12 Gratt. 615, was correctly decided, and should be followed in all cases in which it applies. That the rule of Bennett v. Hardaway, 6 Munf. 125, as modified by Ewing v. Ewing, 2 Leigh 337, Green v. Ashby, 6 Leigh 135, Rohr v. Davis, 9 Leigh 30, and Pasley v. English, 5 Gratt. 141, should give the rule in cases wherein the courts perform the functions of a jury, as well as in those wherein juries are impanneled. Ascertaining the facts of this case by the rule prescribed by these cases, I am of opinion that the deed of trust given in evidence by the plaintiffs, the making of which is not questioned, and the proof offered by the defendants admitting it to be all true, fully establish the plaintiffs’ right to recover. I therefore concur in the judgment to be rendered.