EUBANK AND ALS.

v.

KIRK AND ALS.

*(Special Court of Appeals of Virginia, July, 1877.)*

[Virginia Law Journal, 1877, p. 437.]

### Deeds of Trust—Notice to Trustee—Effect upon Cestuis Que Trustent.*

Notice to the trustee in a deed of trust, of the existence of a prior incumbrance, must be imputed to his *cestuis que trustent*, and the lien of the prior incumbrance prevails over that of the subsequent, although the subsequent deed was admitted to record before the prior deed.

This was an appeal from a decree pronounced by the circuit court of Lancaster county. The following are substantially the facts of the case :

Raleigh Dunaway was indebted to Wm .H. Kirk ; and by a deed of trust, dated January 1st, 1866, he conveyed to James O. Kirk, trustee, a certain farm, to secure the debt ; this deed was acknowledged the Saturday before the fourth Sunday in March, 1866, at "Lebanon" church, in Lancaster county, before Warner Eubank and Edgar E. Dunaway, as subscribing witnesses. The deed was then delivered by Wm. H. Kirk to said Eubank, one of the subscribing witnesses, who was also clerk of the county court of Lancaster. Kirk thought this was all that was necessary to have the deed properly recorded. Eubank, however, held the deed for the other witness to it to come to his office to acknowl-

*See monographic note on "Deeds of Trust," Va. Rep. Anno.

edge it, and until he could prove the execution of it in court. The deed was not admitted to record, until Dunaway, the grantor, appeared in the clerk's office and acknowledged it April 16, 1866. In the meantime, Dunaway, supposing that the acknowledgment before Eubank, the clerk, at "Lebanon" in March, and the delivery of the deed to him at that time, was all that was necessary for the proper recordation of that deed, on the 14th of April, 1866, acknowledged for recordation before said Eubank, clerk, in his office, two other deeds of trust to said Eubank as trustee, conveying all of his property to secure other creditors named in said deeds. One of those deeds is dated 19th March, 1866, and the other 14th April, 1866. On the 15th August, 1870, Eubank, the trustee, in the last named deed, advertised the property therein conveyed for sale, to pay the debts thereby secured. Wm. H. Kirk enjoined the sale on the ground, among others, that when the second and third deeds to Eubank, as trustee, were admitted to record before him, as clerk, that he had actual notice of the deed to James O. Kirk, trustee for the benefit of said Wm. H. Kirk, and that such notice to him was notice to the creditors for whom he acted. This was the main question in the case, and the only one decided by the court.

*Ro. Mayo,* for the appellants.

*R. L. Montague,* for the appellees.

McLaughlin, J. The only question to be decided in this case is, whether the deed of trust from Dunaway to Kirk is entitled to preference over the two deeds of trust from Dunaway to Eubank. The deed from Dunaway to Kirk bears date on the 1st day of January, 1866, but was in fact not executed untill Saturday before the 4th Sunday in March, 1866, at "Lebanon" church, where it was acknowledged

before Warner Eubank and E. E. Dunaway as subscribing witnesses. The deed was then delivered to Eubank, who was clerk of the county court of Lancaster. Eubank held the deed until E. E. Dunaway should appear before him, in his (clerk's) office, and prove it, and he himself could prove it in court. The deed, however, was not admitted to record until the 16th day of April, 1866, when Dunaway, the grantor, appeared in the clerk's office and acknowledged it.

In the meantime, Dunaway, supposing that in acknowledging it before Eubank and delivering it to him in March, he had done everything necessary for its proper registry, acknowledged before Eubank in his office two other deeds of trust to the said Eubank as trustee, one dated on the 19th of March, 1866, and the other on the 14th day of April, 1866, and delivered them on the latter day for registry. The latter deed was executed without the knowledge of the creditors intended to be secured, and without the knowledge of the trustees until it was acknowleged before him and delivered for recordation.

It is unnecessary to consider the questions raised in the argument whether the deed to Kirk was in effect recorded, as in our opinion the whole case turns upon the question of notice. Did the knowledge of Eubank of the deed to Kirk before the delivery of the two deeds of trust to him as trustee, affect the *cestuis que trustent?*

In the case of Beverly v. Brook, 2 Leigh, Scott, the trustee, had notice of the unrecorded deed of Beverly to Mason before the delivery of the deed to himself. Judge Green, speaking for the whole court, says (p. 446), "Such a notice, I think he had; he was explicitly informed that a deed for a part of the land was given to secure a debt to Peter Beverly, and at the same time that the debt was usurious. This notice made the deed as valid against him and all claiming under the deed to him, as if it had been

duly recorded, liable to be impeached for usury, as it would have been, if recorded, and not otherwise." Nor are the cases of Wickham v. Martin, 13 Gratt. 437, and Evans v. Greenhow, 15 Gratt. 157, cited by appellant's counsel, in conflict with this doctrine. In these cases it was held that creditors were purchasers for valuable consideration, and in the latter case the deed was given preference on the distinct ground that neither the beneficiaries, nor their trustee had notice.

The circuit court held that Eubank was a purchaser for valuable consideration, with full notice of the prior deed to Kirk, and that the beneficiaries in both said deeds to Eubank as trustee, are affected with such notice to their said trustee. In so holding, I do not think the circuit court erred, and I am, therefore, of opinion, that the said decree ought to be affirmed.

Decree affirmed.