# Wheeling.

## NUTTER *v.* SYDENSTRICKER.

(Absent, HAYMOND, JUDGE).

Decided November 8, 1877.

1877.
Special Term.

1. It is not error to ignore an order remanding a case to rules, and try the same, where the defendant appears and makes defense at the trial, and does not object thereto.

2. Where there are several counts in a declaration, and a general demurrer is filed to the whole declaration, and one or more of the counts is good, the demurrer should be overruled.

3. Where a case is tried by the court, in lieu of a jury, it is not error in the court to hear illegal testimony, the court being fully competent to discard the illegal evidence.

4. Upon a writ of error to a judgment rendered by the court under such circumstances, the inquiry by the appellate court is: was there sufficient legal evidence before the court below to sustain the judgment?

5. In a case tried by the court in lieu of a jury, the defendant in error must be regarded as a demurrant to the plaintiff's evidence; and the judgment of the court below will not be reversed, unless it is plainly erroneous.

6. If the appellate court should come to the conclusion, that the judgment of the court below, rendered in such a case, was plainly erroneous, it would not remand the case for a new trial, unless under the circumstances the court below ought to have awarded a new trial, but will render such judgment upon the law and evidence, as the court below should have rendered.

7. In general, where the plaintiff shows that he, either by compulsion of law, or to relieve himself from liability, or to save himself from damage, has paid money which the defendant ought to have paid, the count for *money paid* will be supported.

8. Where the money has been paid for the use of the defendant, the *request* necessary may be either *express* or *implied*. It will be *implied* as well as the *promise*, where the consideration consists in the plaintiff's having been compelled to do that, to which the defendant was legally compellable, or where the defendant has adopted and enjoyed the benefit of the consideration.

9. Generally, he for whose interest a promise is made, may maintain an action upon it; although the promise be made to another and not to him.

10. An execution issues in favor of Mc. against M. and N., h surety; M. credits S. and S. on their indebtedness, in a sum equal to the execution and costs, and they execute their written agreement under seal, whereby they bind themselves to pay the execution and costs. Whereupon N. and S. and S. became the surety of M. on a forthcoming undertaking to return the property levied upon under the execution; and N. is induced to sign the undertaking by S. and S., executing the said agreement to pay the execution; the undertaking is forfeited, execution awarded thereon against M., N. and S, which N. is compelled to pay. N. thereupon brings an action of *assumpsit* against S. and S., founded upon the above facts; and his declaration contains the common money counts, and a special count on the said agreement. HELD:

The action could be maintained on the count for money paid, and also on the special count.

*Supersedeas* to a judgment of the circuit court of the county of Greenbrier, rendered on the 19th day of June 1875, granted upon the petition of Philander Sydenstricker defendant below, in a certain action of *assumpsit*, then pending in said court, in which Jeremiah Nutter was plaintiff, and John F. Sydenstricker and said Philander Sydenstricker were defendants.

Hon. Homer A. Holt, Judge of the eighth judicial circuit, rendered the judgment complained of.

JOHNSON, JUDGE, who delivered the opinion of the Court, furnishes the following statement of the case:

At rules on the first Monday in September 1872, in the clerk's office of the circuit court of Greenbrier county, Jeremiah Nutter filed a declaration

in *assumpsit* against John F. Sydenstricker and Philander Sydenstricker, claiming $500.00 damages. The declaration contained the common money counts, and two special counts setting up the following writing:

"Whereas Matthew McClung, of the county of Nicholas, state of West Virginia, did at the May term 1871 of the circuit court of said county recover a judgment against John McMartin, of Greenbrier county, and Jeremiah Nutter, of Nicholas county, for the sum of $100.00 principal money with $51.60 interest, and $61.46 costs, to which the interest up to this day is added, making in all the sum of $213.81; and whereas execution has issued against said McMartin and Jeremiah Nutter, as surety of said McMartin, on the appeal bond in the said cause, now therefore, for value received, we hereby bind ourselves, jointly and severally, to pay the amount of said execution, including all interest and costs, that may hereafter accrue, or be incurred upon and by reason of the judgment and execution aforesaid.

"Witness our hands and seals, this 6th day of June 1871.

     "JOHN F. SYDENSTRICKER,   [Seal.]

     "PHILANDER SYDENSTRICKER, [Seal.]

"Teste: B. H. JONES."

The account filed with the declaration is as follows:

"1872, January 29. To amount of execution with interest and costs in favor of Matthew McClung *v.* John McMartin and Jeremiah Nutter, which you bound yourselves to pay, but which I this day paid for you, amount of execution, interest and costs for which forthcoming bond was given, $244.30; costs of forthcoming bond, $4.80; total $249.10."

The forthcoming bond referred to was an undertaking executed under the statute, then in force, and was dated the 24th of June 1871, and was signed by John McMartin, Jeremiah Nutter, John F. Sydenstricker and Philander L. Sydenstricker. The defendants demurred to the declaration, and also pleaded *non-assumpsit,* and also filed

a special plea. The record also shows that the cause was on the 21st of November 1873 remanded to rules, with leave to the plaintiff to amend his declaration, which was not done; and on the 19th day of June 1875, by consent of the appellant Philander Sydenstricker and the plaintiff, the cause was submitted to the court in lieu of a jury; and the court after hearing the evidence found in favor of the plaintiff against both the defendants the sum of $293.74 with interest from June 7, 1875, for which judgment was rendered. To which judgment the defendant excepted, and tendered his bill of exceptions containing all the evidence in the cause, which was signed and sealed by the court.

The second special count in the declaration is as follows: "And also for that the plaintiff heretofore, to-wit: On the 6th day of June 1871, was the surety of one John McMartin, and legally bound with said McMartin for the payment of an execution issued from the clerk's office of the circuit court of Nicholas county, in favor of Matthew McClung, against said McMartin and the plaintiff for a great sum, to-wit: the sum of $213.81, and the said McMartin intending to relieve the said plaintiff from and indemnify him against the payment of said execution, and the defendants having notice of the intention of ————————, promised said McMartin that if he would deliver for cancellation their certain written obligation for the payment of a large sum of money, to-wit: the sum of $345.00 owing by them to said McMartin, subject to certain credits, and would credit them with the payment of a still further sum, to-wit: the sum of $50.00 upon their further indebtedness to said McMartin, evidenced by their certain other written obligation then held by said McMartin, they, the said defendants, would pay off and discharge said execution, and all costs incurred upon the same, in full relief and discharge of plaintiff as debtor aforesaid upon said execution; and said McMartin thereupon did make said delivery, and give said proposed credit; and by the promise aforesaid

1877.
Special Term.
Nutter
v.
Sydenstricker.

of the defendants, the said McMartin was induced to make no other provision for the relief of plaintiff, as his surety as aforesaid, and no such relief has in fact ever been provided them as aforesaid; and the plaintiff, in fact, says that the defendants did not pay said execution or any part thereof, and the plaintiff knowing of, and relying upon the said promise of the defendants to said McMartin, entered into a joint undertaking with the defendants, given for the delivery of property seized under said execution; and said undertaking having been forfeited and execution awarded thereon, the plaintiff was compelled to pay and discharge, and did heretofore to-wit, on the 22d of January 1872, discharge said last named execution, amounting at said last mentioned date to a large sum, to-wit, the sum of $249.10, and being the same debt, with subsequently accrued costs, for the recovery of which said first mentioned execution was issued. In consideration of the premises aforesaid, the defendants, to-wit: "On the —— day of —— 1872, promised the plaintiff to pay him the said sum of $249.¡1 on demand, yet the said defendants, although often requested, have never paid any of said money, but wholly neglected so to do, to the damage of the plaintiff $500.00. Therefore, &c."

The evidence is somewhat conflicting on some material points. From the evidence it appears that Matthew McClung sued John McMartin before a justice of the peace, and recovered judgment and McMartin gave an appeal bond with the plaintiff, Jeremiah Nutter, as his surety.

That judgment was rendered by the circuit court of Nicholas county, upon such appeal against said McMartin and his surety, Nutter, upon which an execution issued, and was leveid on property, but whose property does not appear. This execution issued on the 22d of May 1871, returnable to July rules 1871, and on the 6th of June 1871, the obligation described in the special counts was executed; and on the 24th of June of the same year, the joint undertaking of McMartin, the plaintiff Nutter, and the defend-

ants in this suit was executed, which undertaking was forfeited. From the execution, which was subsequently issued, it would seem that no execution was awarded from some cause, on the said last mentioned judgment against Philander Sydenstricker; perhaps he had no notice. This execution, the plaintiff here, and defendant there, was compelled to satisfy and discharge. John McMartin shows by his evidence, that the Sydenstrickers owed him the full amount of the execution, and that he gave up to them the evidence of indebtedness against them, in consideration that they would pay off and discharge the execution and the costs. He further testified: "I went to see Philander Sydenstricker; he agreed to come up and confess judgment on that obligation, after this suit was brought; and he went to see Colonel Davis, and Colonel Davis told him not to do it; he offered then to pay it with a discount." McMartin also testified, the sheriff would not take the Sydenstrickers as sureties on the undertaking; that at the time the obligation in the declaration mentioned (and which was given in evidence) was executed, the Sydenstrickers agreed to sign the undertaking; and this was reported to Nutter at the time he signed it; and at the time witness McMartin showed Nutter the said obligation, and that he thought it would be paid; and thereupon Nutter signed the undertaking.

Nutter testified, that he was induced to sign the undertaking by McMartin showing him the said obligation, and being assured that it would be paid, and that he had satisfied the execution.

Philander Sydenstricker, testified that he had never signed a bond payable to John McMartin with John F. Sydenstricker for $345.00, and did not authorize any one else to sign his name thereto; denied that he had ever offered to confess judgment in this suit, or that he had ever told McMartin that he would do so; that at the time the said obligation mentioned in the declaration was signed, John F. Sydenstricker owed witness more than $13.41.

The defendant Philander Sydenstricker filed an affidavit in support of a motion for a new trial, which was so manifestly insufficient to support any such motion, that it will not be noticed here.

To the judgment rendered in this case the defendant, Philander Sydenstricker obtained a *supersedeas*.

*J. W. Davis*, for plaintiff in error, cited:

*Harrison* v. *Tiermans*, 4 Rand. 177; Chitty Con. 889; 1 Shep. Touch., ch. 7 §1, ch. 8 §1, ch. 21 §1.

*James M. Laidley*, for plaintiff in error, cited:

5 Taunt. 144; 5 Bing. 37; *Spencer* v. *Perry*, 30 Eng. C. L. R. or 3 Ad. & El. 331.

*A. C. Snyder*, for defendant in error:

The declaration, in addition to two special counts, contains the *common counts* in *assumpsit*. The demurrer is general to the whole declaration, and as there can be no question as to the sufficiency of the common counts, the court properly overruled the demurrer: *Hollingsworth* v. *Milton*, 8 Leigh 50; *Hood* v. *Maxwell*, 1 W. Va., 219; *Henderson* v. *Stringer*, 6 Gratt. 130.

If the demurrer to the declaration was not well taken, the circuit court erred in remanding the cause to rules, and it therefore properly disregarded said erroneous order by trying the cause without regard to it: *Pleasants* v. *Clements*, 2 Leigh 474, 481.

In this case, the law and the facts were both submitted to the court. There was a judgment for the plaintiff and the defendant moved for a new trial, which was overruled. The evidence is certified to this Court. There has been much doubt and controversy upon the powers and duties of the appellate court in such cases: *Pryor* v. *Kuhn*, 12 Gratt. 615; *Wickham* v. *Lewis Martin & Co.*, 13 Gratt. 427, 444; Rep. Rev. 816. But, finally, in *Mitchell* v. *Barratta*, 17 Gratt. 445, the court settled the practice, and announced the law as follows:

1877.
Special Term.

Nutter
v.
Sydenstricker.

1st. That in such cases the evidence, and not the facts proved, should be certified.

2d. That the case should not be reversed by the appellate court, unless it is *plainly* erroneous, particularly if the evidence, or a part of it, be oral, especially if it be conflicting.

3d. That the whole case, being before the appellate court, it would not remand the case for a new trial, but enter final judgment upon the law and the evidence: *Harrison* v. *Farmers' Bank*, 6 W. Va. 1.

Under these decisions, this court will not consider objections to the admissibility of evidence: but it will simply inquire whether or not there is sufficient competent evidence in the record, treating the appellant as a demurrant to the evidence, to sustain the judgment of the court below; and unless the judgment is plainly erroneous, it will affirm it: *Claflin* v. *Steenbock*, 18 Gratt. 842; *Wright* v. *Rambo*, 21 Gratt. 158; *Newlin* v. *Beard*, 6 W. Va. 110.

It is claimed that copies of the executions and undertakings from the circuit court of Nicholas county were not competent evidence, because the whole record was not produced. These were not offered as direct evidence to establish the debt sued for, but simply as collateral evidence, to show the fact that the execution did actually exist, so that the proof might be supplemented with oral evidence, to show that the execution was in the hands of the sheriff, and that the plaintiff was compelled to pay, and did pay it. If the execution was sufficient warrant for the sheriff to sell the plaintiff's property, it is certainly proper evidence for him to show that he was forced to pay the debt mentioned in it: *Kevan* v. *Branch*, 1 Gratt. 274; *Yeager* v. *Carpenter*, 8 Leigh 454; *White* v. *Clay*, 7 Leigh 68; *Taylor* v. *Dundass*, 1 Wash. 94.

To show that the affidavit filed by the appellant was not ground for a new trial the following decisions are cited: *Gillilan* v. *Ludington*, 6 W. Va. 128; *Brown* v. *Speyers*, 20 Gratt. 296.

JOHNSON, JUDGE, delivered the opinion of the Court:

It is alleged as error, that the case was remanded to rules, with leave to the plaintiff to file an amended declaration; and the record does not disclose that any amended declaration was ever filed, or how the case came again upon the trial docket.

It was perfectly competent for the court to ignore the order made remanding the case to rules, where the defendant was in court, at the time the trial was had, and not objecting thereto.

The demurrer ought to have been overruled; the common money counts in the declaration were certainly good, as is also the second of the special counts: the demurrer being to the whole declaration, and some one or more of the counts being good, the demurrer should have been overruled; and the court treated the case as if it had been so overruled: *Hollingsworth* v. *Milton*, 8 Leigh 50; *Henderson* v. *Stringer*, 6 Gratt. 130.

Several exceptions were taken to the judgment of the court in overruling objections to the admissibility of testimony offered by the plaintiff. All matters of law and fact were submitted to the court by the plaintiff and defendant in error. The court, in lieu of a jury, tried the whole case. The principles governing trials of this kind have been settled in Virginia and in this State: *Pryor* v. *Kuhn*, 12 Gratt. 615; *Wickham* v. *Lewis Martin & Co.*, 13 Gratt. 427; *Mitchell* v. *Barratta*, 17 Gratt. 445; *Harrison* v. *Farmers' Bank*, 6 W. Va. 1; *Claflin* v. *Steenbock*, 18 Gratt. 842; *Wright* v. *Rambo*, 21 Gratt. 158.

The evidence being certified, it is for the appellate court to say, whether there is sufficient legal testimony in the case to sustain the judgment of the court below. As this Court would not remand the cause for a new trial, but would render such judgment as the circuit court should have rendered, upon the law and facts before it; unless it appeared from the record, that a new trial ought to have been awarded by the court below, it would not avail the

defendant in error, even if improper testimony had been admitted by the court below.    When a case is heard by a jury, before the court can pass upon the admissibility of the evidence, it must know what the evidence is; and when the court tries the case in lieu of a jury, it is certainly competent to disregard illegal testimony. It was not therefore error in the court, to overrule the objections to the evidence, offered by the plaintiff.

The question before the court is: Was the judgment of the court warranted by the evidence?

The evidence is conflicting, and we must regard the defendant in error as a demurrant to the plaintiff's evidence; and the judgment of the inferior court will not be reversed, unless it is plainly erroneous.

It is claimed here by the plaintiff, that he has been compelled to pay money, which the defendants ought to have paid, and that the law raises a promise by the defendants to repay him.    It is not shown in the evidence that defendants *expressly* requested the plaintiff to pay the money, nor do we think this was necessary; when no express order or request has been given, it will generally be sufficient for the plaintiff to show, that he has paid money for the defendant, for a *reasonable cause* and *not officiously.*    And in general, where the plaintiff shows that he, either by compulsion of law, or to relieve himself of liability, or to save himself from damage, has paid money, which the defendant ought to have paid, the count for *money paid* will be supported: 2 Greenl. Ev. §114.    And this may be so, whether there be any privity of contract between the plaintiff and defendant or not.

*Indebitatus assumpsit* for money had and received, can be maintained in various instances, where there is no actual privity of contract between the plaintiff and defendant, and where the consideration does not move from the plaintiff.    In some actions of this kind a recovery has been had, where the promise was to a third person for the benefit of the plaintiff; such action being an equitable one, that can be supported by showing that the defend-

ant has in his hands money, which in equity and good conscience belongs to the plaintiff, without showing a direct consideration in money from him, or a privity of contract between him and the defendant. 2 Greenl. Ev. 105, note. Where the money has been paid for the\ use of the defendant, the *request* necessary may be either *express* or *implied*. If it has not been made in *express* terms, it will be *implied* under the following circumstances: 1st. Where the consideration consists in the plaintiff having been compelled to do that to which the defendant was legally compellable. 2d. Where the defendant has adopted and enjoyed the benefit of the consideration. 3d. Where the plaintiff *voluntarily* does that whereunto the defendant was legally compellable, and the defendant afterwards, in consideration thereof, *expressly* promises. But there is this distinction between this and the two former cases; in each of the two former cases, the law will imply the promise as well as the request; where in this and the following case the *promise* is not implied, and the *request* is only implied where there has been an *express* promise. 4th. In certain cases where the plaintiff *voluntarily* does that, to which the defendant is *morally* though not *legally* compellable, and the defendant afterwards, in consideration thereof, expressly promises. 2 Greenl. Ev. §114, note, and cases cited. In *Hall* v. *Marston*, 17 Mass. 574 it was held, that where A. was the debtor of B. in the sum of $1300, and also of C., in the sum of $400.00, and being abroad remitted to B. a bill of exchange for $1,000.00, with directions when the amount should be received, to pay C. $200.00, and B. received the payment of the bill at maturity, but neglected to pay C. as directed, and gave him no return of the remittance, B. was liable to C. for the $200.00 in an action for money had and received. In the case of *Arnold et al.* v. *Lyman*, 17 Mas. 400, the action was *assumpsit*, founded upon the following agreement, subscribed by the defendant:

"Whereas, Hezekiah Hutchins hath this day assigned,

69

transferred, made over and sold to me, certain notes, accounts, demands, goods, wares and merchandise as per invoice and schedule annexed, with full authority to collect, receive and make sale of them to my own use ; now therefore, in consideration of the premises, I do hereby promise and engage to assume and pay the following demands against the said Hutchins, as follows, to-wit :——, also one note to Samuel Arnold, for two hundred and thirty-seven dollars ($237.00), and to save said Hezekiah harmless from all costs and expenses, on account thereof.    In witness whereof," &c.    In that case there was a special count, and a count for money had and received.    And the counsel for the defendant in the court below, in that case, as the counsel for the defendant, Sydenstricker, does in this case, contended that the written agreement is the foundation of the action ; to that the plaintiffs were not parties ; that the plaintiffs were strangers to the consideration, and could not therefore maintain the action. Parker, C. J., in delivering the opinion of the court, said : "There was a sufficient consideration for the promise.    The goods of *Hutchins,* which in his hands were liable for his debts, were transferred to the defendant, and put into his possession.    This transfer might have been avoided by the creditors of Hutchins ; but there is no evidence that the possession of the defendant has ever been disturbed.    The promise founded on this consideration was not made to *Hutchins ;* though without doubt he could have maintained an action on the contract, had he been sued upon any of the notes, which the defendant undertook to pay.

But we think also, that the promise may be legally considered as made to the several creditors, whose debts the defendant undertook to pay, if they choose to avail themselves of his engagement.    The promise was to pay certain particular debts ; and there seems to be no reason why it should not be treated as a promise to the creditors.    It being in writing, and there being a sufficient consideration, it is no objection, that it is the promise to

pay the debt of another. The promise being not to <span>1877.<br>Special Term.</span> Hutchins expressly, but general, in its form; the assent <span>Nutter<br>v.<br>Sydenstricker.</span> of the creditors made them parties to the promise; and this assent is sufficiently proved as respects the plaintiffs, by their bringing an action upon the contract.

Generally, he for whose interest a promise is made, may maintain an action upon it, although the promise be made to another, and not to him." The defendant was held liable in the action.

The doctrine, as laid down in the two cases cited from Massachusetts, and also in Greenleaf on the same subject, was controverted in Virginia in *Ross* v. *Milne et ux.*, 12 Leigh 204, and in *Clarkson* v. *Doddridge et al.*, 14 Gratt. 42; but whatever may have been the conflict as to the law, it is now settled by statute in this State, section 2 of chapter 71 of the Code, taken from section 1 chapter 116 of the Code of 1860, which is as follows:

"An immediate estate or interest in, or the benefit of a condition, respecting any estate, may be taken by a person under an instrument, although he be not a party thereto; and if a covenant or promise be made for the sole benefit of a person with whom it is not made, or with whom it is made jointly with others, such person may maintain, in his own name, any action thereon, which he might maintain in case it had been made with him only, and the consideration had moved from him to the party making such covenant or promise."

Applying these principles to the case here, what is the result? There is legal testimony in the case to show clearly that the plaintiff, was legally bound to pay the execution, described in the obligation in the declaration. That the execution was against the original defendant, John McMartin and the plaintiff here, Jeremiah Nutter, his surety; that McMartin after the levy was trying to get security in an undertaking for the forthcoming of the property so levied on; that the said obligation was then executed, and the consideration for said obligation was, that McMartin gave the Sydenstrickers credit on their indebtedness to him equal to the whole amount of

the execution and costs; and they, by exacting the said obligation for a full consideration, bound themselves to pay off in full said execution and costs; that McMartin, by showing said obligation to Nutter, induced him to sign the undertaking after the Sydenstrickers had signed it. Then they were all bound to the creditor, Matthew McClung; that the undertaking was forfeited, and execution was awarded thereon, against all the parties thereto, except Philander Sydenstricker; and that Nutter was compelled to pay it. This must all be taken to be true, in a case like this where the defendant in error is like a demurrant to the plaintiffs' evidence. It matters not that execution was not awarded against Philander Sydenstricker. He had before that, for a valuable consideration, assumed to pay the execution and all costs that might be put on it. It will not do to say there was no obligee in said bond; the case we have cited of *Arnold* v. *Lyman*, as well as our own statute, is a complete answer to that objection. The execution was the debt of the Sydenstrickers, after they had executed the agreement. The promise thereon was made for the benefit of Jeremiah Nutter; and he may maintain an action upon it, although the promise was made to John McMartin and not to him. Nutter was not a volunteer, he did not pay the debt officiously; he was by the strong hand of the law compelled to pay it; and under the circumstances of this case, where the Sydenstrickers had received the full amount of the debt from McMartin, and bound themselves to pay the execution, it would be grossly unjust, if they could not be compelled to pay the money to the very man, who was forced to pay it for their use. I am of opinion for the foregoing reasons, that there is no error in the judgment of the circuit court of Greenbrier county, rendered on the 19th day of June 1875; and that the same should be affirmed with costs and damages according to law.

JUDGES GREEN and MOORE concurred.

JUDGMENT AFFIRMED.