Staples, J.,
delivered the opinion of the court.
*294 ™ error claims a lien upon the land in controversy-under an attachment duly executed. The title is founded upon a deed executed to her by the debtor for the same land subsequent to the date rá' the attachment. It is conceded that at the time this deed was executed the,, attachment was not recorded or docketed, as required by the 5th section of chapter 182, Code of 1873, and that the defendant had no notice of the existence of the attachment. The evidence shows that the grantor in the deed was, at the date thereof, indebted to the defendant in various sums of money, amounting in the aggregate to more than three thousand dollars. Upon a settlement between the parties the land was conveyed to the defendant in full satisfaction of the debt due her. There is no question as to the bona jidesof the transaction throughout.
The only question is, whether the defendant is a purchaser for valuable consideration within the true intent and meaning of the section of chapter 182 already cited. It is contended, on the part of the plaintiff, ’that while a pre-existing debt is in all cases a valuable consideration for the transfer of property as between the parties, or for a sale or mortgage within the statutes relating to fraudulent conveyances, it is not a valuable consideration within the meaning of the recording acts, that in order to constitute such a consideration, the grantee must part with money or property at the time; he must advance some new consideration, or he must relinquish some previous valid security, and at all events it must appear he did some act on the faith of the sale by which his position was changed for the worse. In support of this view the learned counsel fonthe plaintiff has cited a number of decisions from otheFstates, some of which fully sustain his position. On the other hand, there are numerous cases which hold the opposite doctrine, and the great weight of authority elsewhere is believed to be *295 to the conti’ary. See 2 Leading Cases in Equity, Part I, pp. 84, 85, 86, last edition. But whatever may be the conflict of decisions in other states, in this state the must be regarded as well settled that the transfer and acceptance of real or personal property in payment of a pre-existing debt constitutes a purchase for valuable consideration within the true intent and meaning of the recording acts. In Davis v. Miller, 14 Gratt. 16, Moncure, P., said: “It will be conceded on all hands, I presume, that a pre-existing debt is a valid consideration for the pledge of a negotiable note, as of any'other pi’operty. The endoi’see of a note so received can maintain an action upon, it, not only against the maker, hut the endorser. He could not maintaiio an action against the endoi’ser if he were not an endorsee for value. A mortgagee of propei’ty as collateral security of a preexisting debt is a purchaser for value in the meaning of the registi’y laws.” These observations, it may be said, were not called for by anything in the case, and cannot, therefore, be regarded as authority. They expressed, 'however, the opinio3is of a 3iiajority, and it may be of the whole court. And they have been since followed by other cases which are directly in point. The case of Wickham & Goshorn v. Lewis, Martin & Co., 13 Gratt. 427, 436, is a very sti’ong illustration of this piinciple. There a vendee, having obtained goods by a palpable fraud practiced upon his vendor, conveyed them in a deed of trust to secure the payment of pre-existing debts, it was held that the vendor could not recover the goods, because the trustee was to be regarded as a purchaser for value without notice. And yet all will agree that the equity of the vendor was stronger than that of the creditor, who had merely obtained a lien upon what did hot justly belong to his debtor, but to the vendor.
In Evans v. Greenhow, 15 Gratt. 153, the contest was between an execution creditor claiming a lien upon a *296 chose in action, and a trust creditor claiming an assignment of the chose under a trust deed given as a security the payment of a debt. The lien of the execution was prior to that of the deed, and the only question was whether the parties claiming under the deed were to be considered as assignees or purchasers for value without notice. Judge Moncure, after stating that there was no proof of notice, said: “A pre-existing debt is of itself a valuable consideration for a deed of trust executed for its security, which deed, if it be duly recorded and was not executed with a fraudulent intent known to the trustees or beneficiaries therein, will be valid against all prior secret liens and equities, and all subsequent alienations and incumbrances.” Again, after stating that the lien of the execution -was given by statute subject to certain .exceptions, he proceeds to say: “Among them is the exception in favor of an assignee for valuable consideration without notice. The propriety of this exception, so far as it applies to an assignment for value paid at the time, is not denied, nor -will it be denied that it applies to an assignment in discharge of a pre-existing debt. But it is contended that the exception does not apply to an assignment for the security of arpre-existing debt. Such an assignment seems to bfe as well -within the spirit as the letter of the law. * * * It will not do to say that an assignee for the security of a pre-existing debt would be placed in statu quo, and would therefore not be injured by being deprived of the benefit of his lien. He may have reposed on that security and been thereby prevented from seeking satisfaction in any other way. At all events, having obtained that security bona fide, he ought not to be deprived of it, and is fairly entitled to all the advantages to which he would be entitled in any case as a bona fide purchaser for value and without notice.” The other judges fully concurred in this opinion. It is very true that the case does not turn directly upon *297 the consti’uction and operation of the recording acts, but the principle is precisely the sa3iie. It was a contest between two creditors, each claiming a lien—the first ■operation of law, the second by act of the parties—and it was held that the second was entitled to priority because the trust creditor was to be considered a purchaser for value without 3iotice. The present case is much stronger for the application of the rule, because here the attachment creditor is in'default in failing to record the memorandum of his attachment, whereas the execution creditor had done all that he was required to do. See also Exchange Bank of Virginia v. Knox, 19 Gratt. 739.
In 1st Lomax Digest, page 512, it is said: “A preexisting debt, where the pui’chase or mortgage is made in payment -or satisfaction of that debt, will clearly be a valuable consideration as much as the actual payment of so.much money.” This rule is laid down by the learned author as well-settled law.
There is no hardship or injustice in this rule. The law points out a plain duty to the attaching creditor, and that is the delivery to the clerk of a-memorandum of his attachment for recordation. This is essential to the preservation of his lien as against third persons. If he fails to do so, he cannot complain that parties having no no-, ticé of his lien deal with the property precisely as if that lien had no existence. The idea that the legislature used the words “ purchaser for valuable consideration ” in one sense in the statute relating to fraudulent conveyances, and in an entirely different sense in the statute relating to registration, is purely conjectural and not warranted by anything in our legislation. The party receiving property in payment of a debt has paid value for it as fully as if he had advanced so much money at the time. He has surrendered not merely the right to pi’oceed to judgment and execution, but the debt itself *298 is extinguished. How is it possible for the court to say that he might not or could not have obtained payment some other way, or provided himself with some other security ? "What claim has a mere attaching creditor, who himself is in default, to throw upon an innocent purchaser the hazard of losing both money and property, or to deprive him of the honest fruits of a superior diligence ? In this case the appellee is a bona fide purchaser of the property, and for a valuable consideration; she is-therefore within the very letter of the statute, and this court can defeat her title only by a judicial repeal of the law.
Judgment appirmed.