## IN THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA,

AT THE AUGUST TERM THEREOF, HELD AT CHARLES-
TOWN, IN THE COUNTY OF JEFFERSON, COMMENCING
ON THE FOURTH DAY OF AUGUST, 1880, AND
ENDING ON THE TWENTY-EIGHTH DAY
OF AUGUST, 1880.

## Charlestown.

### RAMSBURG, KOOGLE & CO. v. ERB.

Decided August 28, 1880.

(Absent MOORE, JUDGE.)

| 16 | 777 |
|----|-----|
| 37 | 806 |
| 16 | 777 |
| 38 | 633 |
| 16 | 777 |
| 46 | 735 |
| 16 | 777 |
| 56 | 445 |

1. Where the claimant of a fund, attached in the hands of a garnishee upon an attachment sued out in a cause at law, files his petition claiming said fund under the provisions of the twenty-fourth section of chapter one hundred and six of the Code of this State, and the parties by consent entered of record waive the right to have a jury, and submit the whole matter of law and fact to the court, to be heard and determined by the court, and the court renders judgment dismissing such petition, the Appellate Court when the evi-

1880
August Term

Ramsburg,
Koogle & Co.,
v.
Erb.

98

dence given before the court below does not appear in the record as a part thereof by bill of exceptions, or is not made a part of the record by the court below in some other manner recognized by law as sufficient, will generaly presume that the judgment of the court below is right, and will affirm the same.

2. The fact, that depositions taken prior to the hearing and decision of the court below in such a case, to be read as evidence at the trial, are found among the papers of the cause, and copied into the record by the clerk, is not sufficient to authorize the Appellate Court to consider such depositions as having been given in evidence before the court below.

3. In such a case the usual and safest practice is, to make the evidence a part of the record by bill of exceptions.

4. Where the judgment of, and action of, the court below is definite, and intelligibly presented in the record, and does not appear from the record to be wrong, it is presumed to be right.

Writ of error to a judgment of the circuit court of Jefferson county, rendered on the 24th day of October, 1878, in an action at law, in which Ramsburg, Koogle & Co., were plaintiffs and Christopher Erb was defendant, allowed upon the petition of Theodore A. Erb.

Hon. John Blair Hoge, late judge of the third judicial circuit, rendered the judgment complained of.

The facts of the case appear in the opinion of the Court.

*Dandridge & Pendleton*, for plaintiffs in error, cited the following authorities :

*Blow* v. *Maynard*, 2 Leigh — ; 12 Gratt. 447 ; Adams Eq. 168 n. 2 and cases to 173; 2 Rob. (old) Pr. 331, 332 ; 2 Tuck. Com. 403, 406 ; Barton Pr. 203 ; 7 Gratt. 476.; 26 Gratt. 112 ; *Perry & Co.* v. *Miller*, 27 Gratt. — ; 1 Greenl. Ev. §190, notes 2, 3 ; 2 Rob. 679 ; 11 Gratt. 763 ; 7 Gratt. 330; *Anderson* v. *De Soer*, 6 Gratt. —; 1 Blacks. Com. 2, ch. 25 ; 3 Man. & Sel. 7 ; 15 East 21 ; 2 B. & Ad. 134; 4 Man. & Sel. 240 ; 21 Eng. C. L. R. 447 ; 4 Gratt. 422, 426, 427 ; Story Confl. Laws §§391, 385, 398, 289, 231, 232; 11 Md. 173; 13 Md. 538 ; 16 Md.

1880
August Term.

Ramsburg,
Koogle & Co.,
v.
Erb.

67; 18 Md. 490; 13 Md. 163; Perry Trusts pp. 102, 610; 8 Paige 363; Lewin Trustees 91 note (b.); *Id.* 280 note (7); 28 Gratt. 401; *Id.* 423; 14 How. 266; 13 Pet. 107; 12 Barb. 631; 1 Rob. New Pr. 156, 157, 158 and case cited; 12 Barb. 635; Code ch. 74, §5; *Id.* ch. 73, §3; 13 Pet. 120; Perry Tr. §835 and Va. Cas. cited; *Id.* §838 *et seq.*; *Id.* §217 *et seq.*; *Id.* §645 *et seq.*; 5 Gratt. 90; Hill Trustees 91 note (b); 3 Leigh 306; 13 Gratt. 449; 4 Min. Inst. 742; 22 Gratt. 160; 17 Gratt. 466; Code, ch. 131, §9; 18 Gratt. 426; 15 W. Va. 430.

*Baylor & Wilson* and *George M. Beltzhoover*, for defendants in error, cited the following authorities:

Code, ch. 116, §35; 4 Min. Inst. 742; 18 Gratt. 426; 17 Gratt. 445; 18 Gratt. 842; 21 Gratt. 158; 11 W. Va. 535; 14 W. Va. 157; 4 Min. Inst. 871.

HAYMOND, JUDGE, delivered the opinion of the Court:

On the 16th day of August, 1877, Ramsburg Koogle & Co. brought their action of debt against Christopher Erb in the circuit court of the county of Jefferson, in which they demanded $443.61, with interest on $218.89, part thereof, from the 15th day of April, 1876, and on $224.72, the residue thereof, from the 1st day of October, 1876, till paid. The summons in the action was returnable to September rules, 1877, and seems to have been duly executed. The declaration in the cause was filed at September rules, 1877. Such proceedings were afterwards had in the cause, that afterwards, on the 1st day of November, 1877, the plaintiff in said cause recovered a judgment in said court against the defendant therein for the sum of $478.47, with interest thereon from the 1st day of November, 1877, until paid and their costs; and the cause was continued upon the attachment. It further appears that an order of attachment was issued by the clerk of said court against the estate of the defendant in

1880
August Term.

Ramsburg,
Koogle & Co,
v.
Erb.

said action, returnable to the next term of said court.
Childs, McCreight & Co. were summoned as garnishees.
On the 20th day of November, 1877, said Childs, Mc-
Creight & Co. filed their answer in writing as garnishees,
in which they answer that there is in their hands the
sum of $949.85 of the attached funds of the defendant,
Christopher Erb; and on motion of the plaintiffs the
court ordered that the garnishees pay over said fund to
the general receiver of the court to await the order of the
court in this cause and the cause of Ramsburg, Miller &
Co. against said Christopher Erb.  On the 30th day of
October, 1877, it appears, Theodore A. Erb, trustee, in
behalf of himself and Levi D. Mans and M. E. Erb by
leave of the court filed a petition claiming the fund at-
tached.   In said petition it is claimed, that the absolute
property in the fund attached in the cause was in the
said trustee by virtue of a deed of trust duly recorded in
Clarke county, Virginia, and an official copy of said
deed of trust was filed with said petition, as an exhibit,
marked " A."   The deed of trust appears to be dated the
1st day of June, 1877 ; and by it C. Erb conveys to T.
Erb his growing crops of wheat and corn on his farm in
Clarke county, Virginia, on which he resides, &c., in
trust, to secure the interest due and in arrear on his
bond to Levi D. Mans, dated in June, 1868, for the sum
of $2,000.00, and next to secure to Mary Ellen Erb the
sums of $200.00, with interest from November, 1877,
and $450.00, with interest from the 1st of April, 1877.
The deed of trust seems to have been recorded in the
clerk's office of the county court of Clarke county, Vir-
ginia, on the 2d day of June, 1877.

It appears by the record, that on the 24th day of Octo-
ber, 1878, the said court made and entered the following
order and judgment in the cause, viz : " This case having
come on for trial at the last term of this court on the
petition of Theodore A. Erb, trustee, in behalf of him-
self and Levi D. Mans and M. E. Erb, claiming the
fund attached in the above case, said petition being filed

by consent in this cause, and also in that of *Ramsburg, Miller & Co.*, v. *C. Erb*, and all parties having waived a jury and submitted the matter to the court, and the same being argued, the court took time to consider of its judgment. And now having maturely considered the same, it is ordered that the petition of Theodore A. Erb, trustee, in behalf of himself and Levi D. Mans and M. E. Erb be dismissed so far as the interest of Ramsburg, Koogle & Co., acquired by virtue of their attachment of the fund in controversy, is concerned, and the general receiver of this court, George A. Porterfield, is directed out of the fund in his hands to the credit of this suit to pay to Ramsburg, Koogle & Co., or George M. Beltzhoover, their attorney, the sum of $478.47, with interest on the same from November 1, 1877, and their costs in this behalf expended, being the amount of the judgment heretofore recovered in this case against the defendant Christian Erb ; and there being no dispute as to the residue of the fund after paying said decree, and also the amount ordered from said fund to be paid to *Ramsburg, Miller & Co.* v. *C. Erb*, said general receiver shall pay the balance of said fund, if any, to A. R. Pendleton, attorney for Theodore A. Erb, trustee for L. D. Mans and M. E. Erb," &c.

To this judgment of the circuit court, the said trustee, T. A. Erb, L. D. Mans and M. E. Erb have obtained a writ of error ; and thus the said last named judgment is before this court for review.

The said petition claiming the attached fund in this case was filed under the provisions of section twenty-four of chapter one hundred and six of the Code of this State of 1868, which is as follows, viz: "Any person interested may file his petition, at any time before the property attached as the estate of a defendant is sold under the decree or judgment, or if the proceeds of the sale have not been paid over to the plaintiff, or his assigns, within one year after such sale, disputing the validity of the plaintiff's attachment thereon, or stating a

claim thereto, or an interest in or lien on the same under any other attachment or otherwise and its nature, and upon giving security for costs, the court, without any other pleading, shall impanel a jury to enquire into such claim, and if it be found that the petitioner has title to, or lien on, or any interest in such property or its proceeds, the court shall make such order as is necessary to protect his rights; the costs of such enquiry shall be paid by either party at the discretion of the court.

I have not stated the whole of said petition, deeming it sufficient to state, that it in substance claims that the legal title to said attached fund was, before and at the time the same was attached, vested in the said trustee for the benefit of his said *cestui que trust*, and that the whole of said fund was not sufficient to satisfy the trust-debts. The claim set up in said petition to said attached fund should in this case, under said twenty-fourth section, have been enquired into by a jury impaneled for the purpose, unless a jury was waived, as was done in this case, and the matter submitted for determination to the court. Thirty-fifth section chapter forty-seven Acts of Legislature of 1872–3, page one hundred and eleven. And under this view the court and parties seem to have acted. Whether it would be proper in any case of a petition filed under said twenty-fourth section of chapter one hundred and six of the Code of 1868, in an action at law for the court to proceed to enquire into and determine the claims of the petitioner, whether legal or equitable, unless by consent of parties entered of record, &c., it is unnecessary here to decide. It seems there are cases of actions at law where if neither party requires a jury, or if the defendant has failed to appear, the court may ascertain the amount that plaintiff is entitled to recover in the action and render judgment accordingly. Code of 1868, chapter one hundred and thirty-one section seven. The court occupied precisely the relation to the case, that a jury would have done, if the case had been tried by a jury. *B. & O. R. R. Co.* v. *Faulkner*, 4

W. Va. 183; *Pryor* v. *Kuhn*, 12 Gratt. 615; *Wickham and Goshorns* v. *Lewis, Martin & Co.*, 13 Gratt. 427.

In the case of *Nutter* v. *Sydensticker*, 11 W. Va. 535, it was held by this court, that " where a case is tried by the court in lieu of a jury, it is not error in the court to hear illegal testimony, the court being fully competent to discard the illegal evidence"—that " upon a writ of error to a judgment rendered by the court under such circumstances, the inquiry by the Appellate Court is: Was there sufficient legal evidence before the court below to sustain the judgment?"—that "in a case tried by the court in lieu of a jury, the defendant in error must be regarded as a demurrant to the plaintiff's evidence; and the judgment of the court below will not be reversed, unless it is plainly erroneous;"—that "if the Appellate Court should come to the conclusion that the judgment of the court below, rendered in such a case, was plainly erroneous, it would not remand the case for a new trial, unless under the circumstances the court below ought to have awarded a new trial, but will render such judgment upon the law and evidence, as the court below should have rendered." See authorities cited by Judge Johnson, who delivered the opinion of the court in the last named cause, at pp. 543 and 544. See also pp. 878 and 879 of vol. 4 part 1 of Minor's Institutes.

These principles thus decided by the court being true, it must follow, that where the parties by consent waive a jury and substantially submit the whole matter of law and fact to be heard and determined by the court, &c., the evidence written and verbal must be given before the court the same as before a jury, and if the court upon hearing the evidence decides the case, and either party is dissatisfied with the decision and desires the same to be reviewed upon the evidence and the law applicable thereto, such party must generally have the whole evidence certified and made a part of the record, either in a bill of exceptions regularly and properly taken or in some other manner recognized by law as being sufficient

1880
August Term.

Ramsburg,
Koogle & Co.,
v.
Erb.

Syllabus 2.

to authorize an Appellate Court to review the judgment of the court below.

In the case at bar the evidence given to the court, on which it grounded its decision, is not certified and made a part of the record by bill of exceptions or otherwise. The fact that depositions taken prior to the decision of the court, to be read as evidence at the trial, are found among the papers of the cause and copied into the record by the clerk, is not sufficient to authorize this court to consider said depositions as having been given in evidence before the court below at the hearing of the case. Those depositions may have been given in evidence to the court, or may not, and if given in evidence the court may have heard other written or verbal evidence, not appearing in the record. In the absence of any kind of certificate of the court below of the evidence before it, upon which it acted in rendering its judgment, it is not reasonable to expect this court to set aside the judgment of the court below. The principles and practice of an Appellate Court in a case like this are not the same as in suits in equity, where all the evidence, upon which a decree is grounded, is in writing and constitutes a part of the record, which the Appellate Court may read and consider in reviewing the decree of the court below. It cannot be pretended, that, if the claim of the petitioners to the fund attached had been enquired into or tried by a jury, and the jury had found against the petitioners, and a motion was made to set aside the verdict because contrary to law and evidence, and the motion was overruled, and the court had rendered judgment against the petitioners in accordance with the verdict of the jury, this court could review the judgment of the court below, unless the evidence given to the jury was certified by the court below in proper form as a part of the record. This is usually done by bill of exceptions. If this rule prevails, where the claim, &c., of the petitioner is enquired into by a jury, the same rule surely must apply to the judgment of

the court, when by consent of the parties a jury is waived and all matters of law and fact are referred to the court for determination. Where a jury is waived, and the whole matter of law and fact is referred to the decision of the court, the court may make any ligitimate inferences from the evidence that a jury might make. *Dearing* v. *Rucker's adm'r*, 18 Gratt. 426. In such cases if either party desires to appeal from the judgment of the court by writ of error or otherwise, the usual practice in Virginia and in this State is to present by bill of exceptions a statement of all the evidence before the court below, and the Appellate Court regards the case as upon a demurrer to evidence, considering the plaintiff in error as the demurrant, *Mitchell* v. *Baratta*, 17 Gratt. 445; *Claflin* v. *Steerbock*, 18 Gratt. 842; *Wright* v. *Rambo*, 21 Gratt. 158; *Nutter* v. *Sydenstricker*, 11 W. Va. 535; *Hodge* v. *First National Bank*, 22 Gratt. 51; *Wickes* v. *B. &. O. R. R. Co.*, 14 W. Va. 157; 4th vol. and first part of Minor's Institutes pp. 878, 879. But in 17 Gratt. *supra*, it was held that this is not the only allowable mode. It may be embodied in the judgment either verbatim or by being referred to and identified therein as part thereof.

But the case at bar is in no sense like the case in 17 Gratt. *supra;* and the evidence before the court is not made part of the record in any of the modes above indicated; and in fact it does not appear by the record what evidence was before the court below. But if I am mistaken in supposing the court could not properly have enquired into and determined the claim of the petitioners to the said attached fund without a jury being waived, &c., then it seems to me that in this case, if the petitioners were dissatisfied with the determination and judgment of the court, and desired to have the judgment reverse by an Appellate Court, all the evidence before the court should have been made a part of the record by bill of exceptions or otherwise according to law, which has not been done.

Syllabus 4.

When the judgment and action of the court below is *definite,* and is *intelligibly presented* in the record, and does not appear from the record to be wrong, it is presumed to be right, according to the ordinary rule at once of law and of good sense—" *omnia presumunter rite et solenniter esse acta, donec probuntur in contrarium* "—all acts are presumed to be rightly done until the contrary appears, Minor's Institutes, vol. 4, part 1, p. 871, and authorities there cited.

In the case at bar it does not appear that the plaintiffs in error objected or excepted in any manner or form to the judgment of the court below ; and the evidence heard and considered by the court below, and on which it grounded its judgment, is not shown by the record.    Under any view of the case, the points of error made by the plaintiffs in error do not arise on the record.    Under this state of the case this Court must presume and consider, that the judgment of the circuit court below is just and correct.    Entertaining these views I do not feel authorized to say that said judgment is erroneous.

The said judgment of the circuit court of the said county of Jefferson, rendered in this cause on the 24th day of October, 1878, must be affirmed with $30.00 damages and costs to the defendants in error (Ramsburg, Koogle & Co.) against the plaintiffs in error, Theodore A. Erb, Levi D. Mans and Mary E. Erb.

JUDGES JOHNSON AND GREEN CONCURRED.

JUDGMENT AFFIRMED.