UNITED STATES v. BRODNAX. See Case No. 15,239.

UNITED STATES v. BROOKE. See Cases Nos. 16,615 and 16,616.

## Case No. 14,655.

### UNITED STATES v. BROOKS.

[4 Cranch, C. C. 427.] [1]

Circuit Court, District of Columbia. March Term, 1834.

DISTURBING PUBLIC WORSHIP — COMMON INJURY.

1. The disturbance of public worship is an act tending to destroy the public morals, and to a breach of the peace.

2. It is a common injury to an indefinite number of persons, neither of whom could sue alone; it is therefore an indictable offence at common law.

This was an indictment for disturbing the congregation of the African meeting-house while engaged in the worship of God. After conviction, the defendant [John Brooks] moved in arrest of judgment.

Mr. Dandridge, for defendant, contended, that if the disturbing of public worship in the established church was a common-law offence, yet the disturbing of a Methodist meeting was not. The holding of such a meeting was in itself a common-law offence. The precedent cited by Mr. Key, from 2 Chit. 23, 29, is only for trespass in breaking the windows of a church. All the indictments for disturbing public worship are upon statutes. Chitty per se is no authority.

Mr. Key, contra, cited 2 Chit. Cr. Law, 20, 33, etc.; Sudley's Case, 1 East, Cr. Law, 3; Com. v. Hoxey, 16 Mass. 385. See, also, 1 Nott & McC. 278; 11 Serg. & R. 394; 5 Bin. 555; 8 Johns. 290.

CRANCH, Chief Judge. The indictment charged that negro John Brooks on the 20th of December, 1823, at, &c., "with force and arms unlawfully and irreverently did disturb and hinder the congregation of the African meeting-house in Washington county aforesaid, then and there in the said house assembled for, and engaged in, the worship of God, by cursing and swearing, and loud and profane talking and noise in and near the said meeting-house, and in the hearing of, and to the disturbance of, the said people then and there assembled for the purpose aforesaid. to the disturbance of the public peace, and against the peace and government of the United States." The defendant having been convicted upon this indictment, his counsel, Mr. Dandridge, moved in arrest of judgment, on the ground that the indictment did not charge any indictable offence.

The offence charged is the unlawful disturbance and hindrance of a congregation assembled in their meeting-house, for the purpose of, and while engaged in, the public worship of Almighty God. It is an offence which tends to subvert those principles of morality which are the foundation of all good government, of all social order, and of all confidence between man and man; for the strongest

[1] [Reported by Hon. William Cranch, Chief Judge.]

sanction of those principles has, in all ages and countries, and under all forms of government and of religious worship, been found in religious faith; in that relation which subsists between man and his Maker; the duties of which relation are, in a peculiar manner the subject of all religious instruction. In order to support this indictment, it is not necessary to maintain that the Christian religion is a part of the common law. Every religious sect is equally protected by our laws. Every congregation assembled for the public social worship of God is, at least, a lawful meeting, and as much under the protection of the law as a political meeting for the exercise of the right of election.

In the case of Com. v. Hoxey, 16 Mass. 385, it was decided by the supreme judicial court of that state, that an indictment lies, at common law, for disorderly behavior in town-meetings. The indictment concluded "against the form of the statute," but the case was found not to be within its provisions. The court, having decided that those words might be rejected as surplusage, said, "The remaining question is, do the facts charged amount to an offence at common law?" "On this question, we entertain no doubts. Here was a violent and rude disturbance of the citizens lawfully assembled in town-meeting, and in the actual exercise of their municipal rights and duties. The tendency of the defendant's conduct was to a breach of the peace, and to the prevention of elections necessary to the orderly government of the town and the due management of its concerns for a year. It is true, that the common law knows nothing perfectly agreeing with our municipal assemblies; but other meetings are well known and often held in England, the disturbance of which is punishable at common law as a misdemeanor. In this commonwealth, town-meetings are recognized in our constitution and laws, and the elections made, and the business transacted at those meetings, lie at the foundation of our whole civil polity. If, then, there were no statute prohibiting disorderly conduct at such meetings, an indictment for such conduct might be supported." So an indictment at common law, in England, will lie for "unjustly and irreverently disturbing and hindering the curate of a parish in the exercise of his office and the reading of divine service." 2 Chit. Cr. Law, 21; Tremaine, P. C. 239. That, it is true was for the disturbance of divine service as established by law. But in this country there is no established church, all being equally protected by law; and each sect having as perfect a right to be free from disturbance in the public worship of God according to their own forms, as the established church in England has by the common law.

The principles upon which the disturbance of public worship becomes an offence at common law are these: Every man has a perfect right to worship God in the manner most conformable to the dictates of his conscience, and to assemble and unite with others in the same act of worship, so that he does not interfere with the equal rights of others. The common law protects this right, either by giving the party his private action for damages on account of the injury he has sustained; or if the violation of the right be directly, or consequentially injurious to society, by a public prosecution. And whenever the injury is common to an indefinite number of persons, so that no one has a greater right to sue than another, the private injury is merged in the public wrong, and becomes the proper subject of public prosecution, as in the case of nuisance and of fraud. When the act is not only injurious to an indefinite number of persons, but is, in itself, morally wrong, and tends to subvert the foundations of social order, or to a breach of the peace, these principles apply with double force. The public morals are under the protection of the common law; and every open and public attempt to corrupt them is an offence against that law. It is upon this principle that the publication of obscene writings or prints, gross and public blasphemy and scoffing at religion, public lewdness, indecent exposure of the person, common houses of prostitution, and even the frequenting of such houses, have been adjudged to be offences against the common law. The disturbance of public worship is an act tending to destroy the public morals, and to excite a breach of the peace; and it is a common injury to an indefinite number of persons, neither of whom could sue alone, unless, as in the case of nuisance, he should have received some special and peculiar damage over and above the common injury sustained by the others; it is, therefore, an offence within the principles before stated, and liable to be prosecuted by indictment at the common law.

The motion in arrest of judgment is, therefore, overruled.