# Wheeling.

MAHANY v. KEPHART AND THE B. & O. R. R. CO.

Decided November 8, 1879.

1. The object of service of process is to bring the party into court. A judgment by default with process badly executed would not be legal.

2. By appearance to the action in any case, for any other purpose than to take advantage of the defective execution, or non-execution, of process a defendant places himself precisely in the situation in which he would be, if process were executed upon him, and he thereby waives all objection to the defective execution or non-execution of process upon him.

3. In an action at law against a non-resident, in which an attachment has been sued out, if the absent defendant does not appear in the case and has not been served with process, there should not be a personal judgment against him, but the attached effects should alone be subjected. But if he does appear to the action, for any other purpose than that above indicated, there may be a personal judgment only against him, or there may be both a personal judgment and an order and judgment subjecting the attached effects.

4. K. was on the 6th day of April, 1878, indebted to S. in the sum of $106.00, and for that sum made his promissory note to S. payable one year after date. At that time K. and S. were both citizens and residents of the city of Baltimore in the State of Maryland, and from that time until the final judgment of the court below rendered in this cause continued to be citizens and residents of the same city and State, and not elsewhere. In the month of May in the year 1878, after said promissory note became due and payable, the said S. assigned and transferred the said promissory note to M., the plaintiff, who at the time of the said assignment was and still is a citizen and resident of the State of West Virginia. At the

77

1879
Special Term.

Mahany
v.
Kephart and
The B. & O. R.
R. Co.

time of the commencement of this suit by M. as assignee of S. in the circuit court of Harrison county, West Virginia, and suing out the attachment therein, the Baltimore & Ohio railroad company was indebted to the said defendant, K., in the sum of $105.00 for work and labor performed by the said K. for the said railroad company in the said city of Baltimore in the State of Maryland, and while the said K. resided therein. The said B. & O. R. R. Co. was at the time, and still is, a corporation created by the laws of the State of Maryland, with its principal office and place of business in the said city of Baltimore; and the said Baltimore and Ohio railroad company owned and was at that time the owner of and operating a railroad, partly in the State of West Virginia, and had an agent residing in the county of Harrison. And without said money, so due and owing to the said K. by the said B. & O. R. R. Co., the said K., at the time the suit was commenced and the said attachment was issued, had no property, estate or debts due him in the county of Harrison, or in the State of West Virginia. During all the time aforesaid, and before and since, the said Baltimore & Ohio railroad was an incorporated company by law in this State, with power granted by statute to sue and be sued. The said suit being an action of debt was commenced in the circuit court of Harrison county, West Virginia, on the 25th day of May, 1878; and said attachment was sued out therein against said K., as a non-resident of West Virginia, on the 27th day of May, 1878, though the affidavit on which the attachment was issued is dated the 25th day of May, 1878. Under the attachment the said railroad company was summoned as garnishee by service of the process of attachment in the said county of Harrison on the 1st day of June, 1878, upon W. J. Robinson, an agent of said railroad company residing in the said county of Harrison, under the provisions of the 7th section of chapter 124 of the Code of 1868 of West Virginia. The writ issued in the cause was not served on K., but at the rules, to which it was returnable, the plaintiff, M., by his counsel filed his declaration in the cause, and the said K. at the same rules appeared to the action and filed a plea denying the jurisdiction of the court, on which issue was joined. The said railroad company on the 22d day of June, 1878, filed its answer as garnishee, in which it substantially admits its indebtedness of said $105.00, to K., in substance as above stated, but denies that it was liable under the circumstances and facts aforesaid, (see answer of said railroad company set out in full in the opinion of the Court), for said money as garnishee in the cause, and moved the court to be discharged from said attachment. On the 28th day of June, 1878, the plaintiff, M., and defendant, K., appeared in court and submitted the cause to the court in lieu of a jury, and "filed an agreement of all the facts of this case and submitted the same and the law thereof to the court," and the court rendered judgment thereon in the case against said K. for the amount of said promissory note and interest and costs of suit; and

also ordered the said railroad company as garnishee to pay said $105.00. **HELD** :

1879
Special Term.

Mahany
v.
Kephart and
The B. & O. R.
R. Co.

I. That under the facts and circumstances the court below did not err in rendering a personal judgment for the debt and costs against K. (See opinion of this Court.)

II. That, said railroad company was under the circumstances and facts in the case, and the law in force in this State applicable to said railroad company, liable as garnishee in the cause for said $105.00, and the court below did not err to the prejudice of the said railroad company or the said K., in so ruling and ordering.

III. Under the facts stated said K. could have maintained an action at law in this State against said railroad company for the recovery of said $105.00 so due from said company to said K.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Harrison, rendered on the 28th day of June, 1878, in an action of debt in said court then pending, wherein Patrick Mahany was plaintiff, and John A. Kephart and The Baltimore & Ohio Railroad Company were defendants, allowed upon the petition of the said defendants.

Hon. A. B. Fleming, judge of the second judicial circuit, rendered the judgment complained of.

The facts of the case fully appear in the opinion of the Court.

*C. Boggess*, for plaintiffs in error, cited the following authorities :

Bac. Abr. "Condition ;" *Id.* "Tender, Condition ;" 25 Wend. 405 ; 2 Cliff. 465; Code, ch. 106, §§14, 15, 16 ; 10 Mass. 348 ; 21 Pick. 263 ; 3 Pick. 302 ; 15 Pick. 445; 33 Me. 414 ; 6 N. H. 497 ; 45 N. H. 533 ; 6 Vt. 614 ; 25 Conn. 452 ; 4 Abb. Pr. 72 ; *Id.* 193 ; 4 Foster 510.

There was no appearance for defendant in error.

HAYMOND, JUDGE, delivered the opinion of the Court :

On the 25th day of May, 1878, the plaintiff below,

1879
Special Term.

Mahany
v.
Kephart and
The B. & O. R.
R. Co.

Patrick Mahany, assignee of Daniel Schaffer, brought his action of debt for $106.00 in the circuit court of the county of Harrison against John A. Kephart. The writ was made returnable at the rules of said court on the last Monday in May, 1878. On the day the action was commenced the plaintiff therein made oath before a notary public of said county : " That his claim in said action is for a debt of $106.00, due by a promissory note in writing for that sum, made on the 6th day of April, 1878, by the said John A. Kephart, payable to said Daniel Schaffer one day after the date thereof ; and the said Daniel Schaffer assigned the same to the affiant, and that said affiant believes he is justly entitled to recover in said action the sum of $106.00, with interest thereon from the 7th day of April, 1878, and that said affiant believes that the following ground exists for an attachment against the defendant in the said action, to-wit : That the said defendant is a non-resident of this State." Afterwards, on the 27th day of May, 1878, the clerk of said circuit court by virtue of said affidavit issued an order of attachment in said action, requiring the sheriff of Harrison county, or a constable of any district therein to whom said order should come, to attach the estate of the defendant sufficient to pay said $106.00 with interest from the 7th day of April, 1878, and the costs of the suit, and make return of his proceedings under the order to the next term of said circuit court. By an endorsement on said order of attachment, made by the said clerk, the officer serving the attachment was required to serve a copy of the same on The Baltimore and Ohio Railroad Company, and said company was required to appear at the next term of the said circuit court, and disclose what sum " it is indebted or what effects or estate it has in its possession or under its control belonging to said defendant." The sheriff of said county by his deputy made return on said order of attachment, that he executed the said order of attachment on the 1st day of June, 1878, by delivering a copy thereof to W. J. Robinson, an agent of

said company, in the said county of Harrison, wherein the said Robinson resides. It appears that the sheriff of said county made return on the original writ or summons issued in the action on the return day thereof, that " the within named defendant is no inhabitant of my baili-wick." It also appears that the plaintiff appeared at the rules at which the said writ was returnable and filed his declaration, and that the defendant appeared at the same rules and filed his plea in writing, which is in these words, viz:

"In the Circuit Court of Harrison County :

"John A. Kephart *ods.* P. Mahany, *assignee of Daniel Schaffer.—In debt.*

"And the said defendant in his own proper person comes and says that this court ought not to have or take further cognizance of the action aforesaid, because he says that at the time the said action was commenced in this court, he did not reside in the said county of Harrison, but resided in the city of Baltimore, and State of Maryland; and from thence hitherto has continued and still does reside in the said city of Baltimore, and State of Maryland; that at the time the said action was commenced, the said defendant had no estate or debts due him in the said county of Harrison, nor has he since then had any such estate or debts due him in the said last named county, nor did the said cause of action, or any part thereof, arise in the said county of Harrison or elsewhere within the jurisdiction of this court, or within the State of West Virginia, but the said supposed cause of action, and each part thereof, if any such has accrued to the plaintiff, did accrue and arise without the jurisdiction of the said court, to-wit: in the said city of Baltimore, in the State of Mary-land, and this the said defendant is ready to verify ; wherefore he prays judgment whether the court can or will take cognizance of the action aforesaid."

This plea is verified by the affidavit of the defendant (Kephart).

The record states that the plaintiff replied generally to

*margin:* 1879 Special Term. Mahany v. Kephart and The B. & O. R. R. Co.

said plea; and the writing appearing in the record which the clerk certifies as being the replication filed by the plaintiff is as follows, viz: "And the said plaintiff saith that his said action by reason of anything by the said defendant in his said plea above alleged, ought not to be discontinued or the said court refuse to take further cognizance thereof, because he says that at the time the said action was commenced the said defendant had estate and debts due him in the said county of Harrison, and still has such debts due him therein, and that an order of attachment was entered in the said action against the said estate and debts, and this the said plaintiff prays may be enquired of by the country." No question is made by either party before us touching said replication and therefore I deem it unnecessary to consider that subject further.

It appears that on the 22d day of June, 1878, The Baltimore and Ohio Railroad Company appeared in court and filed its answer in writing under its corporate seal to the order of attachment and garnishee process against it in the cause; and thereupon the plaintiff prayed judgment against the said company for the sum of $105.00, the amount which it appears by its answer aforesaid to be indebted to the said Kephart, the defendant; and the said company objected to the court rendering such judgment. The said answer of The Baltimore and Ohio Railroad Company filed as aforesaid is as follows:

" P. MAHANY, *assignee, plaintiff* v. JOHN A. KEPHART, *defendant*, THE BALTIMORE AND OHIO RAILROAD COMPANY, *garnishee. In the Circuit Court of Harrison County.*

" The answer of the Baltimore and Ohio Railroad Company, garnishee, to the order of attachment in the above entitled cause:

" The said garnishee says at the time the said order of attachment was served upon it, it was a corporation of the State of Maryland, created and organized as such

under and pursuant to the laws of that State, and still is such corporation, with its principal office and place of business in the city of Baltimore, in the said State of Maryland, and at the time the said attachment was served upon the said garnishee, the said defendant was in its employment in the said city of Baltimore, and it was indebted to the said defendant for wages in the sum of $105.00 and no more, which said debt was due and payable for wages earned therein to the said defendant, who then and still resides therein, and not in the State of West Virginia, nor was the said garnishee liable to pay the said defendant any money in the State of West Virginia, nor had it then, nor has it since had in its possession or control any goods, chattels, money, securities or other effects belonging to the said defendant in the said county of Harrison, or elsewhere in the State of West Virginia.

"Given under the corporate seal of the said Baltimore and Ohio Railroad Company, this 6th day of June, 1878.

"Attest:

"[Seal]                          "W. H. IJAMS,
                    "Treasurer B. & O. R. R. Co."

It further appears that on the 28th day of June, 1878, the parties, by their attorneys, appeared in court, and neither party requiring a jury, filed an agreement in writing of all the facts of this case and submitted the same and the law thereof to the judgment of the court; and thereupon the court rendered judgment in favor of the plaintiff against the defendant for $106.00 with interest thereon from the 7th day of April, 1878, until paid, and costs. And immediately following said judgment the court further rendered judgment against the said railroad company as garnishee for $105.00. But it appears that just before this court rendered said last named judgment the said railroad company moved to be discharged from said attachment, and the court in effect overruled said motion in entering the last named judgment against said

*1879 Special Term.*

*Mahany*
*v.*
*Kephart and The B. & O. R. R. Co.*

1879
Special Term.

Mahany
v.
Kephart and
The B. & O. R.
R. Co.

company, upon the order of attachment, service thereof aforesaid, and the said answer in writing of said company filed as aforesaid. The said agreement of all the facts of the case upon which the court rendered said first named judgment is as follows:

"P. MAHANY, *assignee, &c.* v. JNO A. KEPHART—*In debt.*

"The parties to this cause agree to the following as all the facts to be used upon the trial of the issue joined therein, viz:

"That the defendant was, on the 6th day of April, 1878, indebted to the said Daniel Schaffer in the sum of $106.00, and for that sum made the promissory note mentioned in the declaration, and payable one day after date; that at that time the defendant and the said Schaffer were both citizens and residents of the city of Baltimore, in the State of Maryland, and from that time until now have continued to be citizens and residents of the same city and State and not elsewhere; that in the month of May, in the year 1878, after the said promissory note became due and payable, the said Daniel Schaffer assigned and transferred the said promissory note to the plaintiff, who at the time of the said assignment was and still is a citizen and resident of the State of West Virginia; that at the time of the commencement of this suit and suing out the attachment therein, the Baltimore and Ohio Railroad Company was indebted to the said defendant in the sum of $105.00 for work and labor performed by the said defendant for the said railroad company in the said city of Baltimore, in the State of Maryland, and whilst the said defendant resided therein; that the said Baltimore & Ohio Railroad Company was at the time and still is, a corporation created by the laws of the State of Maryland, with its principal office and place of business in the said city of Baltimore, in said State of Maryland; that the said Baltimore & Ohio Railroad Company owned and was at that time the owner of and operating a railroad, partly in the State of West Virginia, and had an

1879
Special Term.

Mahany
v.
Kephart and
The B. & O. B,
R. Co.

agent residing in the county of Harrison for other purposes, but not for the settlement of its accounts or payment of its debts; that without the said money so due and owing to the said defendant by the said Baltimore & Ohio Railroad Company the said defendant, at the time the said suit was commenced and the said attachment was issued, had no property, estate or debts due him in the county of Harrison or the State of West Virginia.

"C. BOGGESS,

*Attorney for the defendant.*

J. T. McGRAW,

*Attorney for plaintiff."*

The foregoing statement contains the material facts, so far as they appear in the record. To the said judgments of said circuit court rendered on the 28th day of June, 1878, the said Kephart and the said railroad company have on petition and assignments of error obtained a *supersedeas* from this Court; and thus the case is before us for consideration and determination. The said Kephart and said railroad company in their petition for said *supersedeas,* have assigned the following errors only, viz:

"First. The court erred in finding the issue upon the plea to the jurisdiction for the plaintiff, and entering judgment for the amount of the debt claimed. See Code W. Va. ch. 123, p. 594, prescribing in what counties proceedings shall be commenced.

"Second. The court erred in giving judgment for $105.00 against the Baltimore & Ohio Railroad Company, which was under no legal or moral obligation to pay the claim of the plaintiff upon its creditor at any other place than to the creditor himself."

The same points of error, and none other, are relied on by the plaintiffs in error in their first brief filed in the cause in this Court, and also their second brief, although in the second brief the points of error are enlarged upon, and authorities cited which counsel supposes sustain the said points of error. There was no objection made to the

filing of the plea in the action to the jurisdiction of the court. The plea is to the jurisdiction of the court over the matters alleged in the declaration ; and although the writ in the cause was not returned executed, still the defendant, Kephart, appeared to the action at the rules to which the writ was returnable, and at which the declaration was filed, and filed said plea to the jurisdiction of the court, on which issue was substantially joined. And it appears by the final judgment of the court in the case that on that day "came the parties by their attorneys, and neither party requiring a jury, filed an agreement in writing of all the facts of this case and submitted the same and the law thereof to the judgment of the court," &c.

In the case of *The Bank of the Valley* v. *The Bank of Berkeley*, 3 W. Va. 386, it was held : 1. "The object of the service of process is to bring the party into court. A judgment by default with process badly executed would not be legal. 2. By appearance to the action in any case, for any other purpose than to take advantage of the defective execution, or the non-execution, of process a defendant places himself precisely in a situation in which he would be, if process were executed upon him, and he thereby waives all objection to the defective execution or the non-execution of process upon him. 3. The question of non-residence of a defendant can only be raised by plea in abatement." See upon the first and second branches of said decision *Williams & Keys* v. *Campbell*, 1 Wash. 153 ; *Buckingham et al.* v. *McLean, &c.*, 13 How. 150 ; *Ferran & Brown* v. *The United States*, 3 Pet. 459; *Gracie* v. *Palmer*, 8 Wheat. 699 ; *Pollard* v. *Dwight*, 4 Cranch 428 ; *Hickman* v. *Larkey*, 6 Gratt. 210 ; *Wyn* v. *Wyatt's adm'r*, 11 Leigh 584 ; *Steel* v. *Harkness*, 9 W. Va. 13.

In the case of *Harvey* v. *Skipwith*, 16 Gratt. 410, it was held that "by appearing and pleading to the action, or by taking or consenting to a continuance, the defendant waives all defects in the process and the service thereof." In this case Judge Daniel in delivering the opinion of

*margin notes:*

1879 Special Term.

Mahany v. Kephart and The B. & O. R. R. Co.

Syllabus 1.

Syllabus 2.

the court at page 414 says: "It is a well established rule that by appearing and pleading to the action the defendant waives all defects in the process and in the service thereof. The cases go further and imply such a waiver from the defendant taking or consenting to a continuance, as fully as they do from his pleading to the action. The object of the writ is to apprise the defendant of the nature of the proceeding against him. The fact of his taking or agreeing to a continuance is evidence of his having made himself a party to the record, and of his having recognized the case as in court. It is too late for him afterwards to say that he has not been regularly brought into court."

From the foregoing authorities it seems to me that the decision in 3 W. Va., above cited is substantially correct. As before stated no objection was made or raised in the court below to the sufficiency of said plea, and none has been made here, and under the circumstances I do not feel called upon to definitely pass upon the sufficiency of said plea, especially as the defendant has had the full benefit of it in the court below, whether it is sufficient or insufficient in law. The 21st section of chapter 125 of the Code of 1868 of this State provides: that " The defendant may plead in abatement and in bar at the same time, but the issue on the plea in abatement shall be first tried ; and if such issue be found against the defendant, he may nevertheless make any other defense he may have to the action." In the case at bar the said Kephart, does not appear to have filed, or offered or asked to file, any other plea to the action than that of said plea to the jurisdiction, and the reasonable presumption is that he did not do so. In the case of *O'Brien et al.* v. *Stephens et al.*, 11 Gratt. 610, it was held that "If an absent defendant does not appear in the cause, there cannot be a personal decree against him; but the attached effects can alone be subjected. But if he does appear, there may be a personal decree only against him, or there may be both a personal decree and a decree subjecting the attached effects." It is true this decision was made .

1879
Special Term.

Mahany
v.
Kephart and
The B. & O. R.
R. Co.

Syllabus 3.

1879
Special Term.

Mahany
v.
Kephart and
The B. & O. R.
R. Co.

in an attachment case in equity, but I see no reason why it should not apply to a case at law in which an attachment is sued out against a non-resident of the State. It seems to me that in an action at law against a non-resident in which an attachment has been sued out, if the absent defendant does not appear in the case, there should not be a personal judgment against him; but the attached effects can alone be subjected to the. action for any other purpose than that above indicated. But if he does appear, there may be a personal judgment only against him, or there may be both a personal judgment and an order and judgment subjecting the attached effects.

I am therefore of opinion that the circuit court did not err in rendering a personal judgment in this case unless the court erred in its judgment upon the facts agreed. Did the court err in its judgment upon the facts agreed? I humbly think not. Although Schaffer and defendant, Kephart, resided in Baltimore, Maryland, at the time the promissory note in the declaration mentioned was executed, and from that time till now have continued citizens and residents of said State, after the said note became due and payable said Schaffer assigned and transferred the same to the plaintiff, who at the time of the said assignment was and still is a citizen and resident of the State of West Virginia, still it seems that the plaintiff had the right to sue said Kephart and recover judgment against him, though a non-resident of the State as aforesaid, in any county in this State in which he could serve a writ upon him. And this upon common law principles.

In the case of *Beirne* v. *Rosser & Turner*, 26 Gratt. 538, the first division of the syllabus is as follows: " 1. R. brings *assumpsit* against B. in the county of N., and the process is served upon him. B. appears at the rules, and files a plea in abatement, that at the time of the service of the process upon him, and at this time he was not and is not a resident of N., but was and is an inhabitant of and resides in M. county, West Virginia. This plea does not give the plaintiff a better writ in this case; and is

therefore bad." In this case Judge Moncure in delivering the opinion of the court says, at pp. 541 and 512: "All actions are either local or transitory. Real and mixed actions are local and personal actions are transitory. This is a personal action, being for the recovery of damages for the breach of a contract, and is therefore a transitory action. It is a general principle of the common law, that a transitory action can be brought against a party wherever he may be found and served with process; no matter where he may reside, or where the cause of action may have arisen. See Story on the Conflict of Laws; and 1 Rob. Pr. (new ed.) pp. 316, 353, 354, 356 and 357, and the authorities there cited. This general principle is modified by statute, which has created various exceptions to it. Most of them will appear by reference to 1 Rob. Pr. (new ed.) pp. 357 and 358 ; Code, p. 1082, ch. 165 ; p. 1083, ch. 166; and p. 1088, ch. 167. But this case comes within the general principle and not within any of the exceptions. It is a case in which no court in the State has jurisdiction, except that in which it is brought, where process was executed upon the defendant within the county over which it has jurisdiction; and that court has jurisdiction because, and only because, the defendant was found and served with process within the county. That fact gave that court jurisdiction, according to the general principles of the common law before referred to. The plea in abatement did not give to the plaintiff a better writ ; did not show what court in the State had jurisdiction of the case, which was necessary to make the plea a good one. If the defendant be within the State so as to be served with process therein, there must be a remedy against him in some court in the State; and if in no other, in the courts of the county in which he may be found and be served with process."

It seems however that it is not necessary that a plea to the jurisdiction of the court should in all cases give the plaintiff a better writ. See *Warren* v. *Saunders*, 27 Gratt. 259.

1879
Special Term.

Mahany
v.
Kephart and
The B. & O. R.
R. Co.

1879
Special Term.

Mahany
v.
Kephart and
The B. & O. R.
R. Co.

But in this case I think the circuit court of the county of Harrison had jurisdiction of the action, if for no other reason, because at the time it was brought The Baltimore and Ohio Railroad Company was the debtor of said Kephart in the sum of $105.00, and might at the time this action was commenced, have been sued therefor in the county of Harrison, where it had a resident agent upon whom legal process could be served under the provisions of the 7th section of chapter 124 of the Code of 1868, of this State. See *The Railroad Company* v. *Harris*, 12 Wall. 82; *The Baltimore & Ohio Railroad Co.* v. *Gallahue's adm'r*, 12 Gratt. 655 ; *The Baltimore & Ohio Railroad Co.* v. *Wightman's adm'r*, 29 Gratt. 431, 435, 436. An action of assumpsit of course would lie against the said company for the recovery of said $105.00 in Maryland by said Kephart; and the action in such case is transitory. *Bierne* v. *Rosser & Turner*, 26 Gratt. 541. I am unable to see if the said railroad company can be sued for debts contracted in this State, why it may not also be sued in this State for debts contracted in other States. It would be strange indeed if residents of this State could sue and enforce the payment of their debts contracted in this State against said railroad company and its property in this State, through the courts thereof, and non-resident creditors, and resident creditors of said railroad company where contracts are made in another State, should be denied the same rights and privileges and thus be left without remedy in our courts. I do not feel at liberty to so hold under my convictions of the law with us touching the question. Certainly if Kephart could have properly sued the railroad company for said $105.00 in the county of Harrison, at the time this action was brought, the plaintiff in this suit had a right to sue Kephart there and garnishee the railroad company there as the debtor of Kephart.

The 7th section of chapter 124 of the Code of this State provides that "It shall be sufficient to serve any process against or notice to a corporation, on its mayor,

rector, president or other chief officer or in his absence from the county in which he resides, or in which is the principal office of the corporation against or to which the process or notice is, if it be a town or village, on two members of the council; and if it be not a town, or village, on the cashier or treasurer; and if there be none such, or he be absent, on a member of the board of directors, trustees or visitors. If the case be against some other corporation than a bank and there be not within the State any other person on whom there can be service as aforesaid, service on an agent, director, or other officer of the corporation against which the case is shall be sufficient. Service on any person under this section shall be in the county in which he resides; and the return shall show this, and state on whom and where the service was, otherwise the service shall not be valid." In the case of *The B. & O. R. R. Co.* v. *Gallahue's adm'rs,* 12 Gratt. 655, it was held according to the syllabus of the case that said railroad company was a corporation of the State of Virginia; and although its principal office is in Maryland and its principal officer resides there, it may be sued in Virginia on contracts in Virginia, and that said company might properly be garnisheed upon attachment. In that case the contract sued on was a Virginia contract. But I think on close examination of the opinion of the court it was not intended to restrict the right to sue or garnishee the said railroad company to Virginia contracts. However it was not necessary to decide in that case whether the said railway company could be sued or garnished upon contracts made in another State. See opinion of Judge Allen, who delivered the opinion of the court in that case, at pages 658, 659, 660, 661, 662, 663, 664, 665, 666.

At the time of the last named decision the Baltimore & Ohio railroad west of the Potomac river at Harper's Ferry was mostly in the State of Virginia, but the same fell into West Virginia on its becoming a State of the Union. The statutes in force in this State are substantially the same for

1879.
Special Term.

Mahany
v.
Kephart and
The B. & O. R.
R. Co.

the purposes of this case as those referred to by Judge Allen in his opinion ; and we deem it unnecessary to quote them. In the case of *Hart* v. *The Baltimore & Ohio Railroad Company*, 6 W. Va. 336, it was held by this Court as follows : "15. The acts of the Legislature conferring corporate powers and privileges upon The Baltimore & Ohio Railroad Company are such public acts as the court should notice *ex officio*. 16. The court *ex officio* knows that the Baltimore & Ohio Railroad Company is an incorporated railroad company within the boundries of this State, &c., 23. It is unnecessary to prove before the court matters of law or fact of which it may take judicial notice."

In the case of *The Baltimore & Ohio Railroad Company* v. *Wightman's adm'r*, 29 Gratt. 431, it was held that "when a railroad company which was incorporated in another State, leases a railroad lying in this State, and operates the same as owner thereof, and an injury occurs on said railroad the person having the right of action for such injury may sue the railroad company in the courts of this State, and such company has no right to remove the suit to the Federal Courts." See the opinion of Judge Staples who delivered the opinion of the court, at pages 434, 435, 436, 437 and cases there cited.

In the case of *Sturtevant* v. *Robinson*, 18 Pick. 175, it was held that "the circumstance that by contract between the principal defendant and one summoned as his trustee, money due from the latter to the former is payable in another State, does not prevent it from being liable to attachment on the trustee process." See also as bearing upon the subject under consideration *McCallister* v. *Pennsylvania Insurance Company of Pittsburgh*, 28 Mo. 214; *Fithian* v. *New York & Erie R. R. Co.*, 13 Pa. St. 114; *Brauser* v. *New England F. I. Co.*, 21 Wis. 506 ; Drake on Attachments, 5th ed., §478.

In the case of *Rollo, assignee*, v. *Andes Insurance Co.*, 23 Gratt. 509, Judge Staples, who delivered the opinion of the court, at pp. 512, 513, says : " It is important, in the first place, properly to understand the nature and

effect of the process of garnishment. Garnishment is substantially a suit by the defendant in the attachment, in the name of the plaintiff against the garnishee. In this suit, as against the garnishee, the plaintiff stands upon no higher ground than the defendant, and can acquire no greater right than the defendant himself possesses." In a case before the circuit court of the United States, Daniel, J., said : "The proceeding must be regarded as a civil suit, and not as a process of execution to enforce a judgment already rendered. In this proceeding the parties have a day in court ; an issue of fact may be tried by a jury, evidence adduced, judgment rendered, costs adjudged and execution issued on the judgment. *Tunstall* v. *Worthington*, Hempstead's R. 662; Drake on Attachments, §452."

Drake, in his work on Attachments, 5th ed., §479, says : " Where, as is sometimes the case, a corporation is chartered by two or more States, it is not in any of these States a foreign corporation, and may be subjected to garnishment in any of them, though its office and place of business be not in the State in which the garnishment takes place." And he cites *The B. & O. R. R. Co.* v. *Gallahue*, 12 Gratt. 655, to which I have before referred, also *Smith* v. *B. C. & M. R. R.*, 2 N. H. 337, and *Sprague* v. *Hart for P. & T. R. R. Co.*, 5 R. I. 233.

I do not think it was necessary in this case for the plaintiff, to suggest that the garnishee had not fully disclosed the debts by it, or effects in its "hands" of the defendant, Kephart, because the garnishee in its answer fully answered upon that subject. The only question at issue between the parties upon the answer was a question of law arising directly upon the answer, upon the facts therein stated, to-wit : whether upon the facts stated in the answer the garnishee was legally liable in this proceeding upon the attachment in this State for the $105.00, which it acknowledged in its answer was due and owing to the defendant, Kephart. The latter part of the garnishee's answer is manifestly simply its conclu-

*[margin note:]* 1879 Special Term, Mahany v. Kephart and The B. & O. R. R. Co.

1879
Special Term.

Mahany
v.
Kephart and
The B. & O. R.
R. Co.

sion of what the law is upon the facts previously stated in its answer, and was only a mode adopted by the garnishee to present the question of law to the court upon the facts stated in its answer as garnishee. See on this subject the 16th section of chapter 106 of the code of 1868 of this State. Neither the facts agreed nor the answer of the garnishee shows, or pretends, that there was any express agreement that the said $105.00 due Kephart should be paid in the State of Maryland; and if they did so show, I am not now prepared to decide that it would or should affect the case or change my conclusion therein. But I do not now definitely pass upon that question, as it does not fairly arise in this case.

We have not had the benefit of any argument, oral or written, from the counsel for the defendant in error. I have carefully examined and considered all the authorities cited by the learned counsel of the plaintiff in error; and after an examination of all the authorities cited by counsel and those hereinbefore cited and others, my conclusion is that the court below did not err in rendering the judgment against said Kephart which it did; nor in ordering the said Baltimore and Ohio Railroad Company to pay the said $105.00 to the plaintiff. It is true that some parts of the judgment and order are not as formal and full in some respects as desirable; but it seems to me that they are substantially sufficient, and that neither of the plaintiffs can be prejudiced thereby.

For the foregoing reasons the said judgment of the circuit court of said county of Harrison, rendered in this case on the 28th day of June, 1878, against the plaintiff in error, John A. Kephart, for the sum of $106.00, with interest thereon from the 7th day of April, 1878; until paid, and his costs by him expended, and also the order and judgment of the said court made at the same time in said case against the plaintiff, in error, The Baltimore and Ohio Railroad Company, as garnishee in the case, for the sum of $105.00, and in favor of the de-

fendant in error, Patrick Mahany, should be affirmed with costs against the plaintiffs in error, and with damages according to law against said Kephart, and with damages according to law against the said Baltimore & Ohio Railroad Company, but any of said damages against the said Baltimore & Ohio Railroad Company, which it may pay the defendant in error, shall be a credit, when paid, on the said damages awarded against the said Kephart; and it is further considered and declared that the defendant in error shall not receive of all the damages herein awarded against the said Kephart and the said Baltimore & Ohio Railroad Company each, a greater amount of damages altogether than is hereinbefore awarded against said Kephart, it being the intention of this Court that no more than that amount of damages shall be received by the defendant in error altogether hereunder.

1879
Special Term.

Mahany
v.
Kephart and
The B. & O. R.
R. Co.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.