# CHARLESTON.

## STATE *v.* THACKER COAL AND COKE CO.

### Decided March 9, 1901.

1. CRIMINAL LAW—*Special Appearance—Process.*
   An appearance for the purpose of taking advantage of defective execution or nonexecution of process must be a special appearance for that purpose alone, and must be so stated at the time of making the appearance.   (p. 143).

2. GENERAL APPEARANCE—*Pleadings—Process.*
   When a general appearance has been entered in a case, and pleadings made up, the defendant cannot on a subsequent day of the court be permitted to enter a special appearance for the purpose of taking advantage of defective process or defective or nonexecution thereof.   (p. 144).

3. INDICTMENT—*Endorsement Thereon.*
   The indorsement of "A true bill," and signed by the foreman of the grand jury, is no part of the indictment, except for identification.   (p. 144).

4. TRIAL BY COURT—*Illegal Evidence—Error.*
   When a case is tried by a court in lieu of a jury, it is not an error, for which the appellate court will reverse, to hear illegal testimony, if there be enough legal testimony to justify the judgment.   (p. 145).

5. EVIDENCE—*Exceptions—Demurrant—Judgment.*
   In such a case the party excepting must be regarded as a demurrant to the evidence, and the judgment of the court below will not be reversed unless it be plainly erroneous.   (p. 145).

6. CRIMINAL PROSECUTIONS—*Corporations—Evidence.*
   In criminal prosecutions against corporations, the fact of the incorporation of defendant does not have to be proven unless such fact is put in issue as provided in section 41, chapter 125, Code.   (p. 145).

Error to Circuit Court, Mingo County.

The Thacker Coal and Coke Company was convicted of obstructing a highway, and brings error.

*Affirmed.*

SHEPPARD & GOODYKOONTZ, for plaintiff in error.

EDGAR P. RUCKER, ATTY. GEN., and L. C. ANDERSON, for the State.

McWHORTER, JUDGE:

The Thacker Coal and Coke Company, a corporation, was convicted in the circuit court of Mingo County upon indictment for knowingly, wilfully and unlawfully obstructing a certain public road in said county commencing at Matewan in Magnolia district in said county, and running to Delome in said district of said county. On the 10th day of January, 1899, the defendant appeared by counsel, and moved the court to quash the summons and return thereon, which motion was overruled, and to which ruling defendant excepted. Defendant then moved the court to quash the indictment, which motion was also overruled. Defendant then entered its plea of not guilty. On the 11th day of January, 1899, the following order was entered in the case:

"This day came as well the State by its attorney, as the defendant by its attorney, and thereupon the defendant moved the court to quash the summons and the return of the sheriff thereon endorsed. Which motion upon consideration of the court is overruled, to which ruling of the court the defendant then and there excepted.

Thereupon the defendant moved the court to quash the indictment herein, which motion was also overruled by the court, to which said ruling the defendant again excepted. Thereupon the defendant for plea says it is not guilty in the manner and form as the State in its indictment hath alleged; and of this it puts itself upon the country; and the State by its attorney doth the like, and by consent a jury was waived, and the matters of law and fact herein are submitted to the judgment of the court in lieu of a jury. And the court having fully heard the evidence and arguments of counsel is of opinion to and doth find the defendant guilty as charged in the indictment, and assessed its fine at twenty-five dollars.

Therefore it is considered by the court that the State recover against said defendants, The Thacker Coal and Coke Company, the said sum of twenty-five dollars, the fine aforesaid by the court, in form aforesaid assessed and its cost by it about its prosecution in this behalf expended and that a *capias profine* issue therefor." And on the 16th day of January, 1899, the said order was set aside as having been inadvertently entered, and certifying that on the same day (January 11th) another order was entered in the case as follows, to-wit:

"This day came the defendant and appeared especially to this cause for the purpose of moving to quash the return of service of the summons in this cause; and thereupon did move the court to quash said return which motion was argued by counsel, and upon consideration whereof the court is of the opinion to and doth overrule said motion, to which ruling the defendant then and there excepted. And the defendant not waiving his said exceptions demurred to the indictment herein and also moved to quash the same, which demurrer and motion after argument of counsel the court doth overrule. Thereupon the defendant for plea says it is not guilty in manner and form as the State in its indictment hath alleged, and of this it puts itself upon the country and the State by its attorney doth the like, and by consent a jury was waived and the matters of law and fact herein are submitted to the judgment of a court in lieu of a jury. And the court having fully heard the evidence is of opinion and so finds that the defendant is guilty as charged in the indictment, and assesses its fine at twenty-five dollars to which opinion and finding of the court the defendant objected and excepted.

It is therefore considered by the court that the State recover of said defendant the said sum of twenty-five dollars, the fine aforesaid by the court in form aforesaid assessed, together with its cost by it about its prosecution in this behalf expended, and that a *capias profine* issue therefor. Thereupon the defendants moved the court to set aside the judgment and verdict of the court which motion the court overruled and to which ruling the defendant excepted and a suspension of the execution of judgment for sixty days is granted."

Defendant obtained a writ of error, and says the court erred in overruling the motion to quash the summons and officer's return of service thereon. An appearance for the purpose of taking advantage of defective execution or non-execution, of process, must be a special appearance for that purpose alone, and must be so stated at the time of making the appearance. As held in *Buckingham* v. *McLean,* 13 How. 150, "When a defendant in error or an appellee wishes to have a case dismissed because no citation has been served upon him, his counsel should give notice of the motion when his appearance is entered or at the same term; and also that his appearance is entered for that purpose. A general appearance is a waiver of the want of notice," and in *Farrer & Brown* v. *U. S.,* 3 Peters 459, "The decisions of this

court have uniformly been, that an appearance cures any defects in the form of process." *Williams & Keys v. Campbell,* 1 Wash. (Va.) 153; *Gracie* v. *Palmer,* 8 Wheat. 699; *Pollard* v. *Dwight,* 4 Cranch. 428; and *Layne* v. *O. R. R.,* 35 W. Va. 438, (syl. pt. 2). "In order to take advantage of a defect in the summons or return, the defendant must appear for that purpose only, and must so state in submitting the motion. If he appears generally whether to move a continuance or for any other purpose, he will be regarded as having waived all defects in the writ or the return." *Bank* v. *Bank,* 3 W. Va. 386; *Mahany* v. *Kephart,* 15 W. Va. 609; *Blankinship* v. *Railroad Co.,* 43 W. Va. 135. "The object of the service of process is to bring the party into court. A judgment by default with process badly executed would not be legal." *Bank* v. *Bank* and *Mahany* v. *Kephart,* just cited. It is true the first motion made by defendant on making its appearance was to quash the writ and return, but after excepting to the ruling of the court in overruling its motion, moved the court to quash the indictment and entered its plea of not guilty, and on the next day, January 11th, after the overruling of defendant's motions to quash the writ and return, and the indictment, and making up the pleadings without withdrawing its appearance, motions and plea of not guilty, the record shows, it "appeared especially to this cause for the purpose of moving to quash the return of service of the summons in this cause, and thereupon did move to quash said return," which motion was again overruled. Defendant's counsel in support of his position cites *Steele* v. *Harkness,* 9 W. Va. 23. But that case fails to relieve him, as it is distinctly stated in the opinion that when the cause was called for trial, "the counsel for the defendant appeared, BUT ONLY FOR THE PURPOSE OF OBJECTING TO THE HEARING OF THE SAME, and moved to strike the cause from the docket, because it was improperly placed thereon," and assigned as reasons therefor that "process had not been served," etc., and after the court had overruled the motion, the defendant appeared generally, and the court held that the defendant could not be deprived of his exception, because he had entered his appearance and made full defense, but it will be observed that his first appearance was a special appearance only for the purpose of taking advantage of the defect in service. If defendant in case at bar had entered such limited appearance and then after excepting had entered a general appear-

ance and made full defense, it would have been entitled to its exception, but its appearance was general, and cured the defect in the service, and its coming in on a subséquent day of the court and calling its appearance SPECIAL after the pleadings had been made up on a prior day cannot avail him. The return of service of the summons by the sheriff would probably not be good service on a corporation under the statute, but the general appearance of defendant in the case cures it; there is no exception made to the form of the process itself. It is said that the court erred in overruling the motion to quash the indictment. It is claimed in the brief of defendant's counsel that it does not appear from the record that the indictment was endorsed on the back of it "a true bill," and signed by the foreman. The record shows that the grand jury "returned into court, having found the following indictments, to-wit: *State* v. *Thacker Coal and Coke Company,* a corporation, an indictment for a misdemeanor, a true bill, A. B. Straton, Foreman." Then follows in the record a copy of the indictment. The record, it is true, leaves out the word "endorsed," but it shows that the grand jury returned into court the indictment against the defendant a true bill signed by A. B. Straton, Foreman. The indictment is not signed on the face of it. There is but one thing it could mean, that the indictment was returned into court with the endorsement on it as stated on the record. The indorsement is no part of the indictment further than as a mark of identification, and it is hard to conceive how the record of the finding of the indictment by the grand jury could be made up other than from the endorsement upon the indictment itself. It is the record of the finding as returned by the grand jury. *State* v. *Heaton,* 23 W. Va. 773, in which case, (syl. pt. 3), "*Quare:* Is it absolutely essential that the indictment should be endorsed, 'A true bill' or if it be endorsed, that such endorsement should be signed by the foreman of the grand jury, in order that the accused may be tried on such indictment." There can be no question about the necessity of the recording of the finding of the indictment. And there can be no other conclusion arrived at from the record in this case than that the indictment was endorsed, "A true bill, A. B. Straton, Foreman." It is not a statutory requirement that it should be so endorsed, but it has been the universal practice as a matter of identification of the indictment. There is no other ground pointed out for quashing the indictment, and it appears to contain all the essen-

tial allegations to make it sufficient.  It is said that the court admitted improper and illegal evidence.  "When a case is tried by the court in lieu of a jury it is not error in the court to hear illegal testimony, the court being fully competent to discard the illegal evidence."  *Nutter* v. *Sydenstricker,* 11 W. Va. 535; *State* v. *Seabright,* 15 W. Va. 590; *Abraham* v. *Swann,* 18 W. Va. 274, (syl. pts. 1 and 2) : When a case is tried by a court in lieu of a jury it is not an error for which the appellate court will reverse, to hear illegal testimony, if there be enough legal testimony to justify the judgment."  (2) "In such a case the party excepting must be regarded as a demurrant to the evidence, and the judgment of the court below will not be reversed, unless it be plainly erroneous."  *Wells-Stone Co.* v. *Truax,* 44 W. Va. 531.

Fourth assignment, in finding the defendant guilty, entering judgment thereon and refusing to set aside the finding and judgment and grant defendant a new trial on account of the several errors complained of, and especially for the reason that the finding was contrary to the law and the evidence, and in support of this assignment, appellant says it was not proven that the defendant was an incorporated company.  Section 41, chapter 125, Code, provides that "Where plaintiffs or defendants sue or are sued as partners and their names are set forth in the declaration or bill, or where a plaintiff or defendant sues or is sued as a corporation, it shall not be necessary to prove the fact of such partnership, or the existence of such corporation, unless the pleading which puts the matter in issue be verified, or there be an affidavit filed therewith denying such partnership or the existence of such corporation."  The provision applying to corporations was enacted in 1882.  This matter was not put in issue by plea denying the corporate character of defendant.  Prior to the act of 1882, it was necessary to prove the existence of the corporation where it sued or was sued as such.  The act applies in criminal prosecutions as well as civil cases.

In *Academy* v. *Hardin,* 3 S. E. 305 (Ga.), it is held: "When the name of a party to an action is such as to import that it is a corporation, and the cause proceeds to judgment without any allegation as to its incorporation, the judgment is not void."  "Whether in such case the name imports a corporation, should, as a general rule, be left to judicial knowledge."  In the course of the trial of the case there were several orders of the county court read to the court which are mentioned in the record as being read

by the witness in giving his testimony, but the orders themselves do not appear in the record.

Defendant relies strongly on the heavy rainstorm proven to have occurred in August, 1898, which washed the slack coal into the road at the point where defendant is charged with obstructing the road. This rainstorm and its effects are well proven, but it is also proven that the road was badly obstructed at that point as early as April in that year, and from that time on until the finding of the indictment.

I see no reversible error in the judgment, and the same should be approved.

*Affirmed.*