# CHARLESTON.

BLAIR *et al. v.* HENDERSON.

Decided March 23, 1901.

1. JUSTICE SUMMONS—*Infant Plaintiff.*
    Summons in action brought before a justice by infant plaintiff by next friend is not void, defective, which defect can only be taken advantage of by defendant by special appearance for that purpose only, to be stated at time of making such appearance. (p. 285).

2. SUMMONS DEFECTIVE—*Appearance—Judgment.*
    A judgment rendered upon such summons after general appearance of defendant is not void. (p. 285).

3. INFANT PLAINTIFF—*Guardian ad Litem—Costs.*
    The object of section 24, chapter 50, Code, requiring appointment of guardian *ad litem* for infant plaintiff before bringing suit and taking consent in writing of such guardian to accept such appointment, and to be responsible for costs if the action fail, is to protect defendant in the matter of costs, that he may have some responsible person to look to in case he succeeds in his defense. (p. 286).

4. VOID JUDGMENT—*Execution May be Quashed.*
    An execution issued upon a void judgment may be quashed on notice of motion to plaintiff, but not an execution issued on an erroneous judgment. (p. 286).

5. SUMMONS—*Return Day—Continuance.*

> Under section 59, chapter 50, Code, on return day of summons, if the defendant be not in custody, the justice may, without the consent of either party, continue the cause for not over seven days. (p. 286).

Error to Circuit Court, Logan County.

Action by Harrison Blair and others against James R. Henderson. Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

J. B. WILKINSON and J. E. PECK, JR., for plaintiff in error.

H. K. SHUMATE, for defendants in error.

McWHORTER, JUDGE:

Harrison Blair and other adults, together with Melvin Vinson, Joseph Vinson, Lillie Pasley and William Pasley, infants, who sued by their next friend, Harrison Blair, plaintiffs, brought their action against James R. Henderson, late sheriff of Logan County, before H. P. Clark, justice, for the recovery of money due for damages for wrong in which the plaintiffs claimed judgment for three hundred dollars. On January 6, 1894, the return day of the summons, "The plaintiff appeared and not ready for trial, and Joseph Peck appeared as agent for defendant, and made a motion to quash the papers on the grounds that plaintiff had failed to file his complaint in this action upon return day of summons, and his motion was overruled by the justice," and the cause was continued until 12th of January, 1894, on which day bill of complaint filed by plaintiff, and the defendant failing to appear after waiting one hour after time fixed by law, plaintiff demanded a jury, a *venire facias* was issued, a jury summoned who were examined and sworn, and having heard the evidence by plaintiffs, returned a verdict for plaintiffs for one hundred and forty-two dollars and five cents damages, for which the justice rendered judgment. There is no record of the issuance of an execution. The next thing we find in the record is the following notice and service thereof: "To Harrison Blair, Anderson Blair, Melvin Blair, John A. Blair, Henry Blair, Octavia Brewer, Elizabeth Evans, Jane McCoy, Josephine Dingess, Hiram Dempsey, John Dempsey, James Dempsey, Lewis Dempsey, Joseph Dempsey, Estella Thompson, and Melvin Vinson, Joseph Vinson, Wil-

liam Pasley and Lillie Pasley, last four named persons being infants:

"You and each of you will take notice, that on the 29th day of June, 1894, at the office of H. P. Clark, a justice of the peace within and for the county of Logan and State of West Virginia, at the forks of the Laurel Fork of Pigeon Creek, in Hardee district, of said county, at the hour of 11 o'clock, A. M., I will move said justice to quash an execution issued by him on the 11th day of May, 1894, against me as late sheriff of said county, and in your favor in the name of Harrison Blair, Sr., and John Blair's heirs, for the sum of one hundred and forty-two dollars and five cents, with interest thereon from the 12th day of January, 1894, until paid, and eleven dollars and five cents costs; which said execution is issued on a judgment obtained by you before said justice on the 12th day of January, aforesaid, and is returnable within sixty days from its date, and is now in the hands of L. M. Mitchell, a constable of said county, for collection, for the following reasons, to-wit:

1st—That said justice was entirley without jurisdiction to render said judgment, because the plaintiffs were not properly before the court; said justice having failed to appoint a guardian for the infant defendants in said action, before the summons issued therein, or at any time before said judgment, as is required in section 24 of chapter 50 of the Code; there being no other manner in which infants can sue before justices.

2nd—That said judgment rested upon no cause of action whatever.

And therefore said judgment is void and the execution thereon should be quashed by said justice.

Respectfully, &c.,

JAMES R. HENDERSON,

By Counsel, J. E. PECK, JR., *Atty.*

I accept service for the within named defendant, H. Blair & als. June 18, 1894.          H. K. SHUMATE."

A memorandum in the record shows that the execution mentioned in the notice was not among the papers. The parties appeared, and the matter was continued from time to time until the 5th of August, 1894, and the justice refused to quash the execution, from which judgment of the justice defendant Henderson appealed to the circuit court of Logan County. On the

2d day of December, 1896, the parties appeared by their attorneys, and the motion to quash the execution being considered by the court, was overruled, and the motion dismissed and judgment rendered for costs of defense of said motion in the court and before the justice. Defendant obtained a writ of error, claiming that the justice was without jurisdiction to render the judgment upon which said execution issued for the following reasons:

"*First*—The action was not brought in the manner prescribed by statute for infant plaintiffs to sue before a justice; nor in substantial compliance therewith.

*Second*—The justice refused to dismiss the plaintiff's action on the return day of the summons therein, the plaintiffs having failed to file their complaint on said day, and the defendant being present and demanding said dismissal.

*Third*—There was no issue of fact, or matter in controversy to be tried by a jury."

Section 24, chapter 50, Code, prescribes how an action shall be brought on behalf of an infant, the object of which statute is protection of the rights of the defendant in the matter of costs in case the plaintiff fails in his action, that he may have some responsible person to look to. This suit was brought by the adult plaintiffs in their own names, and by the infant plaintiffs by their next friend, one of the adult plaintiffs, he thereby assuming liability for the costs in case of failure in the action. Defendant's proper defense for defect in the summons was to appear specially for the purpose alone, so stating at the time of making the motion, of quashing the summons, before making a general appearance. *Buckingham* v. *McLean,* 13 How. 150; *Bank* v. *Bank,* 3 W. Va. 386; *Mahany* v. *Kephart,* 15 W. Va. 609; *Blankenship* v. *Railroad Co.,* 43 W. Va. 135. "A general appearance is a waiver of the want of notice." *Farrer & Brown* v. *U. S.,* 3 Peters 459. "The decisions of this Court have uniformly been, that an appearance cures any defects in the form of process." *Williams and Keys* v. *Campbell,* 1 Wash (Va.) 153; *Gracie* v. *Palmer,* 8 Wheat. 699; *Pollard* v. *Dwight,* 4 Cranch 428. On the return day of the summons defendant appeared "and made a motion to quash the papers on the grounds that plaintiff had failed to file his complaint in this action upon return day of the summons." What "papers" were to be quashed is not stated, there is no direct motion to quash the summons.

The motion seems to have been intended by defendant as a motion to dismiss the action for want of a bill of particulars or complaint, as indicated in his second assignment of error. On the return day of the summons when the defendant claims to have been present demanding the dismissal of the case, the justice seems to have exercised the very large discretion given him by section 59, chapter 50, which provides that on that day "if the defendant be not in custody, the justice may without the consent of either party, continue the cause for not over seven days; but he shall not exercise this privilege at any other time, unless in case of sickness or necessity." A general appearance as made by defendant on the return day of the summons operated as a waiver of any defect in the summons or return, if the defect complained of is an irregularity only. Was this the action of the infant plaintiffs? While it is not in strict conformity to section 24, chapter 50, and there can be no doubt if a special appearance had been made for the purpose alone of quashing the summons for such irregularity, the motion should have prevailed, yet the motion which is a substitute for a plea in abatement as used in courts of record, was not made at the only proper time and manner. *Mill Co.* v. *Southern,* 46 W. Va. 754. The suit was brought by a representative of the infants, so recognized by the justice, as well as by the defendant,¯and the true test is whether this judgment would be a bar to a future suit for the same cause of action. In *Blankenship* v. *Railroad Co.,* 43 W. Va. 135, it was held, syllabus two: "A summons sued out in the name of J. W. B., guardian *ad litem* of W. B., a minor, before a justice, although not in the best form, yet, aided by the provision in section 26 of chapter 50 of the Code, in relation to proceedings before justices, that no summons shall be quashed or set aside for any defect therein, if it be sufficient on its face to show what is intended thereby, is held sufficient, the defendant not being misled by it." It is contended by appellant that the judgment is a nullity because the infant plaintiffs were not before the court, no guardian *ad litem* having been appointed for them as provided in section 24, chapter 50, Code, that it must appear affirmatively that the justice had jurisdiction of the parties, of the subject matter, and of the particular subject matter of this case, and cites Black on Judgments, ss. 83, 170, and 171. The summons shows that the infant plaintiffs were suing by one

of the adult plaintiffs as next friend with a colorable right to sue, which was irregular, it is true, and of which defendant in proper manner and time could have taken advantage but failed to do so. As to the particular subject matter involved in the case, it is shown by the justice's record that plaintiffs' bill of complaint was filed in the case, and the same not being brought up here in the record, the presumption is that it was by the circuit court found sufficient to give the justice jurisdiction so far as the particular subject matter was concerned.

Defendant in his brief says, "We do not wish to reverse the circuit court upon this technical point, fatal though it is, but on the merits of the case," then proceeds to state that the action was founded on the last half of section 24, chapter 30, Code. I can only say in reply to this there is nothing in the record to indicate upon what the action is founded, except the summons, which cites the defendant to answer the plaintiffs "in a civil action for the recovery of money due for damages for a wrong." The bill of particulars or complaint which is shown to have been filed by the justice, is not brought up in the record. A motion to quash an execution issued upon a void judgment is a proper proceeding, but not if issued upon an erroneous judgment. The judgment of the circuit court will be affirmed.

*Affirmed.*